**James M. BASS, in his Official Capacity as Executive Director of the Texas Department of Transportation, Appellant**

v.

**WALLER COUNTY SUB-REGIONAL PLANNING COMMISSION, Appellee**

NO. 03-17-00039-CV

Court of Appeals of Texas, Austin.

Filed: February 24, 2017

---

The Honorable G. Alan Waldrop, Mr. Paul M. Terrill III, Mr. Ryan D. V. Greene, Terrill & Waldrop, 810 W. 10th Street, Austin, TX 78701-2005, for Appellee.

Mr. Thornton O. Wood, Office of the Attorney General, P. O. Box 12548, Austin, TX 78711-2548, for Appellant.

Before Justices Puryear, Pemberton, and Goodwin

## OPINION

Bob Pemberton, Justice

Our jurisdiction in this appeal has been challenged by motion of the appellee, the Waller County Sub-Regional Planning Commission, which asserts that the trial-level rulings being brought before us are interlocutory and have not been made appealable by statute. We requested and received a response from the appellant, James Bass, in his official capacity as Executive Director of the Texas Department of Transportation. While acknowledging there is no final judgment, the Executive Director argues that we possess jurisdiction under Section 51.014(a)(8) of the Civil Practice and Remedies Code, the statute that authorizes the appeal of an interlocutory order from a district court that "grants or denies a plea to the jurisdiction by a governmental unit."[1] We conclude that we lack jurisdiction for reasons that

1. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

may represent some new wrinkles in Texas jurisprudence addressing appeals of interlocutory orders under color of Section 51.014(a)(8).

## BACKGROUND

The underlying litigation arises along one of the larger faultlines of policy and priorities found in modern-day Texas—the recurrent tensions between advocates of large-scale transportation projects to connect our State's urban centers versus those who perceive detriment to the less populous regions lying between. Currently in development—with integral TxDOT involvement—is a high-speed railway project that would connect Dallas and Houston. In the project's anticipated path lies Waller County, the region served by the Planning Commission,[2] and that body has demanded a seat at the planning table by virtue of Section 391.009(c) of the Local Government Code, which states that "state agencies," "[i]n carrying out their planning and program development responsibilities, ... shall, to the greatest extent feasible, coordinate planning with" regional planning commissions "to ensure effective and orderly implementation of state programs at the regional level."[3] But according to the Planning Commission, TxDOT has refused to "coordinate" with it in this manner and instead proceeded "at full steam" with planning and studies focused on a single "pre-selected route" through Waller County that is favored by the project's private developer, to the exclusion of other alternative routes more favorable to local concerns. In fact, the Planning Commission further complains, TxDOT has advised that it will not so "coordinate" until after the completion of a draft environmental-impact study based on the "pre-selected route," a process that the Planning Commission perceives will deprive it—and the local interests it represents—of any meaningful input in the project's ultimate routing and placement.

Based on these and other allegations, and adhering to the conceptual and procedural framework for claims challenging governmental conduct alleged to be *ultra vires* of legal authority,[4] the Planning Commission has sued the Executive Director, in his official capacity, seeking declarations establishing the existence of the aforementioned claimed duty of TxDOT under Section 391.009(c) to "coordinate" with the Planning Commission "to the greatest extent feasible" and that this duty has been violated.[5] The Planning Commission has further prayed for mandamus and mandatory injunctive relief against the Executive Director to compel compliance with this duty prospectively. In response, the Executive Director has answered, interposed a plea to the jurisdiction as to the Planning Commission's claims for declaratory and injunctive relief, and also filed a Rule 91a motion to dismiss the Planning Commission's claims for mandamus relief.[6]

---

**2.** As its full name indicates, the Planning Commission is a "regional planning commission" created under Chapter 391 of the Local Government Code and comprised of municipalities and other local government entities in Waller County. *See generally* Tex. Loc. Gov't Code §§ 391.001–.006.

**3.** *Id.* § 391.009(c); *see also id.* § 391.002(2) ("In this chapter: ... 'Commission' means a regional planning commission, council of governments, or similar regional planning agency created under this chapter.").

**4.** *See City of El Paso, v. Heinrich,* 284 S.W.3d 366, 372–73 (Tex. 2009).

**5.** The Planning Commission has also asserted an accompanying claim for the attorney's fees that would be permitted by the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.009.

**6.** *See* Tex. R. Civ. P. 91a.

The plea to the jurisdiction principally asserts sovereign immunity and, in support of both his plea and Rule 91a motion, the Executive Director has disputed that Section 391.009(c) imposes any duty on TxDOT that would be considered ministerial or non-discretionary or could otherwise have been violated.[7]

The Planning Commission also filed a motion for partial summary judgment seeking the declaratory relief for which it had pleaded. The Executive Director filed a response in which he reurged his jurisdictional challenges regarding the declaratory claims as grounds for denying the motion. He added, as further grounds for denying the motion, that fact issues precluded summary judgment and that Section 391.009(c) had no application to the high-speed-rail project in the first place.[8]

The district court heard oral argument on the Planning Commission's motion for partial summary judgment, the Executive Director's plea to the jurisdiction, and the Executive Director's Rule 91a motion during a hearing held on January 5, 2017. Before the hearing's conclusion, the district court signed an "Order Granting Plaintiff's Motion for Partial Summary Judgment" granting the Planning Commission's motion and awarding it substantially the same declaratory relief it had requested in its pleadings.[9] Subsequent to the hearing, the district court signed a second order, also dated January 5, 2017, titled "Order on Defendant's Plea to Jurisdiction and Rule 91a Motion to Dismiss." In it, the court denied the Executive Director's Rule 91a motion but concluded that "existing fact questions regarding the jurisdictional issue should be resolved by the fact finder at trial." Accordingly, the order states that the district court "declines to rule on the Plea to the Jurisdiction at this time," and "that the determination of Defendant's Plea to the Jurisdiction is reserved for trial." The relative timing of the two orders, which the Executive Director acknowledges, will eventually become significant to our analysis.[10]

---

7. *See Heinrich*, 284 S.W.3d at 372 (explaining that permissible *ultra vires* claim "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act"). In a similar vein, the Executive Director has asserted in his plea that the challenged claims are not yet ripe because Section 391.009(c) affords it leeway to "coordinate" with the Planning Commission at some later juncture in the project.

8. More specifically, the Executive Director disputed that the project fell within the "state programs" referenced in Section 391.009(c).

9. The district court ordered that:
 [The Planning Commission] is entitled to judgment declaring that [TxDOT] has a duty to coordinate planning, to the greatest extent feasible, with the [Commission] with respect to the implementation of the high-speed railway that is being planned to run between Dallas and Houston, Texas and that [the Executive Director] has acted outside his powers and authority by refusing to direct [TxDOT] to perform its statutory duty to coordinate planning, to the greatest extent feasible, with the [Planning Commission], with respect to the implementation of the high-speed railway that is being planned to run between Dallas and Houston, Texas.

10. In addition to acknowledging this sequence of events in his response to the Planning Commission's dismissal motion, the Executive Director cites to portions of a reporter's record from the hearing that was brought forward at his request. These excerpts include statements by the district court indicating that it had signed the summary-judgment order, but was deferring ruling on either the plea to the jurisdiction or Rule 91a motion until some later time. One can therefore deduce from the two orders and this record that the district court signed its "Order Granting Plaintiff's Motion for Partial Summary Judgment" during the hearing and its "Order on Defendant's Plea

On January 13, 2017—within the twenty-day deadline that would govern a permissible interlocutory appeal [11]—the Executive Director filed a notice of appeal purporting to challenge both orders. The Planning Commission's motion challenging our jurisdiction over that appeal followed.

## ANALYSIS

 In ascertaining whether we have jurisdiction here, our starting point is that appeals generally may only be taken from final judgments or orders and that appeals of interlocutory orders are authorized only if and to the extent explicitly permitted by statute.[12] A corollary principle is that we "strictly construe" statutes that would authorize appeals of interlocutory orders, as they represent a " 'narrow exception to the general rule that only final judgments are appealable.' " [13]

 As the Planning Commission emphasizes in its dismissal motion, the Legislature has thus far not seen fit to authorize—at least categorically—appeals of interlocutory orders granting partial summary judgment (the subject of the district court's first order), or those denying Rule 91a motions (as contained in its second order). [14] Nor, as the Planning Commission adds, has the Legislature authorized the appeal of a trial court's interlocutory decision to reserve determination of a jurisdictional challenge, as the district court explicitly did with the Executive Director's plea to the jurisdiction. It is well established that a trial court faced with a jurisdictional challenge is not necessarily obligated to decide the issue immediately, but possesses some discretion to defer that determination pending further record development, conceivably even until trial on the merits.[15] There is no complaint before us that the district court abused this discretion here,[16] and the court's decision to defer its jurisdictional ruling would not

to Jurisdiction and Rule 91a Motion to Dismiss" on the same day but after the hearing.

11. *See* Tex. R. App. P. 26.1(b), 28.1(a), (b).

12. *See, e.g., Texas A&M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007) (citing *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex. 1998)); *West Travis Cty. Pub. Util. Agency v. CCNG Dev. Co.,* 514 S.W.3d 770, No. 03-16-00521-CV, 2017 WL 74420, 2017 Tex. App. LEXIS 14 (Tex. App.—Austin, Jan. 4, 2017, no pet. h.) (citing *Koseoglu,* 233 S.W.3d at 840–41; *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); *Stary,* 967 S.W.2d at 352–53).

13. *See, e.g., Koseoglu,* 233 S.W.3d at 841 (quoting *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex. 2001)).

14. *See, e.g, Gulf Coast Asphalt Co. v. Lloyd,* 457 S.W.3d 539, 542–43 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Courts of appeals do not have jurisdiction over appeals from interlocutory orders—such as the partial summary judgment order in this case—unless a statute provides for an interlocutory appeal from such orders." (citing *Koseoglu,* 233

S.W.3d at 840)); *Koenig v. Blaylock,* 497 S.W.3d 595, 598 n.4 (Tex. App.—Austin 2016, pet. denied) (noting that no statute permitted interlocutory appeal from order denying Rule 91a motion) (citing *Bally Total Fitness Corp.,* 53 S.W.3d at 352); *cf.* Tex. Civ. Prac. & Rem. Code § 51.014 (enumerating categories of appealable interlocutory orders). However, either type of order can conceivably include component rulings that have been made appealable, as we will discuss shortly.

15. *See Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex. 2004) ("When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a further development of the case, mindful that this determination must be made as soon as practicable.") (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000)).

16. The Executive Director does seem to complain of an on-the-record observation by the district court that "if I grant or deny the plea,

be reviewable by interlocutory appeal in any event. While Section 51.014(a)(8) of the Civil Practice and Remedies Code provides the Executive Director a means of appealing an interlocutory order that *"grants or denies"* his jurisdictional challenges,[17] an order deferring or otherwise declining to rule on a jurisdictional challenge falls outside that authorization. This Court so held in its recent *CCNG Development* case,[18] and our sister courts are in accord.[19]

The Executive Director does not appear to contest any of these propositions. He insists, rather, that we possess jurisdiction under Section 51.014(a)(8) by virtue of an implicit denial of his jurisdictional challenges made by the district court when granting the Planning Commission's motion for partial summary judgment. His reasoning rests upon two principles recognized in case law applying Section 51.014(a)(8). First, the Texas Supreme Court has concluded that Section 51.014(a)(8)'s authorization of an appeal of an order that "grants or denies a *plea to the jurisdiction*" refers not to that specific type or form of filing, but to any challenge to subject-matter jurisdiction irrespective of the procedural vehicle used.[20] It follows, as the Executive Director urges, that his reurging of his jurisdictional challenges in his summary-judgment response could potentially serve as a predicate for an appeal under Section 51.014(a)(8) to the same extent as his plea to the jurisdiction would.[21]

■ The second principle, also recognized by the Texas Supreme Court, is that

---

one of you is going to appeal and that is just going to lo[g] jam this process." But the Executive Director does not contend that the district court, for this reason or any other, acted beyond its discretion in its ultimate decision to defer the ruling.

**17.** *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (emphasis added); *see also Koseoglu*, 233 S.W.3d at 841–45 (right of appeal under Section 51.014(a)(8) extends to state officials sued in official capacity who have asserted trial-level jurisdictional challenges).

**18.** *See CCNG Dev.*, —— S.W.3d at —— – ——, 2017 WL 74420, *4–5, 2017 Tex. App. LEXIS 14, at *10–11 (holding that order reinstating cases after dismissal for want of prosecution did not implicitly overrule pending jurisdictional challenges, so as to be appealable under Section 51.014(a)(8); order was instead exercise of trial court's discretion "to defer its decision on the . . . jurisdictional challenge and to reinstate the case for further development") (citing *Miranda*, 133 S.W.3d at 228; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555).

**19.** *See Waller Cty. v. City of Hempstead*, 453 S.W.3d 73, 75–76 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (no jurisdiction under Section 51.014(a)(8) where "trial court expressly refused to rule on the issues raised in the plea to the jurisdiction"); *Fernandez v.*

*Pimentel*, 360 S.W.3d 643, 645–47 (Tex. App.—El Paso 2012, no pet.) (no jurisdiction under Section 51.014(a)(8) where trial court "stated that [it] needed to hear evidence on the plea"); *City of Galveston v. Gray*, 93 S.W.3d 587, 589–90 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (no jurisdiction under Section 51.014(a)(8) where "trial court specifically stated it was not ruling on the pleas to the jurisdiction").

**20.** *See, e.g., Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) ("The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used.") (citations omitted); *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004), *superseded by statute on other grounds*, Tex. Gov't Code § 311.034 (reference to "plea to the jurisdiction" in Section 51.014(a)(8) "is not to a particular procedural vehicle[,] but to the substance of the issue raised").

**21.** *See Thomas*, 207 S.W.3d at 339–40 ("Thomas did not file a document titled 'plea to the jurisdiction' with the trial court. However, Thomas's summary judgment motion clearly challenged the trial court's subject matter jurisdiction," such that grant or denial would be appealable under Section 51.014(a)(8)).

a denial of a jurisdictional challenge reviewable under Section 51.014(a)(8) need not necessarily be made explicitly by the trial court, but is among the trial-court rulings that may be implied from context, as contemplated by appellate rule 33.1(a)(2)(A).[22] The leading case in that regard is *Thomas v. Long*, which involved facts somewhat similar to the present case—a plaintiff (Long) sued the Harris County Sheriff (Thomas), asserting claims for declaratory and mandamus relief, moved for partial summary judgment on both claims, and Thomas responded with a cross-motion for summary judgment arguing, in part, that the trial court lacked subject-matter jurisdiction over either claim.[23] The trial court granted Long's motion as to the declaratory claim, with a corresponding partial denial of Thomas's cross-motion, and rendered a partial judgment granting Long the declaratory relief she had sought.[24] Thomas then brought an appeal under color of Section 51.014(a)(8) in which he sought to challenge the trial court's denial of his motion for summary judgment disputing the trial court's jurisdiction.[25] The court of appeals dismissed the appeal, reasoning that there was no order explicitly granting or denying a plea to the jurisdiction.[26] The Texas Supreme Court reversed, reasoning that Thomas had raised his jurisdictional challenge through his summary-judgment motion and that this challenge had been denied implicitly through the trial court's awarding of declaratory relief.[27] The high court reasoned:

> To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge. In this case, none of the trial court's orders on the parties' cross-motions for summary judgment *explicitly* denied the relief sought in the section of Thomas's motion for summary judgment challenging the trial court's subject matter jurisdiction. However, the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction constitute an implicit rejection of Thomas's jurisdictional challenges. The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly. TEX. R. APP. P. 33.1(a)(2)(A). Because a trial court cannot reach the merits of a case without subject matter jurisdiction, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993), a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge. *See, e.g., Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 762 (6th Cir. 1999); *Ahuna v. Dep't of Hawaiian Home Lands*, 64 Haw. 327, 640 P.2d 1161, 1165 n.9 (1982). By ruling on the merits of Long's declaratory judgment claim, the trial court necessarily denied Thomas's challenge to the court's jurisdiction. That implicit denial satisfies section 51.014(a)(8) of the Texas Civil Practice and Remedies Code and gives the court of appeals jurisdiction to consider Thomas's interlocutory

---

**22.** Tex. R. App. P. 33.1(a)(2)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: ... the trial court ... ruled on the request, objection, or motion, either expressly or implicitly.").

**23.** *See* 207 S.W.3d at 336–37.

**24.** *See id.* at 337.

**25.** *See id.* at 338.

**26.** *See id.*

**27.** *See id.* at 339–40.

appeal.[28]

The Executive Director also emphasizes a subsequent memorandum opinion from this Court in which we summarized the rule of *Thomas* as "a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has impliedly denied the jurisdictional challenge."[29] In that case, a suit for judicial review from an order of the Division of Workers Compensation, we applied *Thomas* to conclude that a trial-court order remanding the suit to the agency, made over a jurisdictional challenge raised through a plea to the jurisdiction and a summary-judgment motion, "necessarily denied [the] plea to the jurisdiction as well as [the] motion for summary judgment" notwithstanding the absence of an explicit ruling on the plea.[30]

The Executive Director views this case as a reprise of *Thomas*, urging that the district court's order granting the Planning Commission's motion for partial summary judgment and awarding it declaratory relief necessarily denied his jurisdictional challenges to that claim implicitly, a ruling that is in turn appealable under Section 51.014(a)(8). The Planning Commission seeks to distinguish *Thomas* by characterizing the partial summary judgment awarding it declaratory relief as something short of a determination on that claim's "merits" in the sense *Thomas* contemplated and from which a denial of the Executive Director's jurisdictional challenges can be implied. More critically, the Planning Commission suggests, the district court's order explicitly deferring its ruling on the jurisdictional issue until trial belies any implied rejection of that challenge when granting the partial-summary-judgment motion and declaratory relief.

The Executive Director's arguments in reliance on *Thomas* would present some potentially close questions if the district court's "Order Granting Plaintiff's Motion for Partial Summary Judgment" was viewed in isolation.[31] However, our jurisdictional analysis must also take account of the district court's subsequent "Order on Defendant's Plea to Jurisdiction and Rule 91a Motion to Dismiss" because the Executive Director did not file his notice of appeal until after both orders were signed. In the latter order, the district court explicitly deferred the jurisdictional issue until trial, a decision that is squarely contrary to the unstated jurisdictional ruling that the Executive Director would have us

28. *Id.*

29. *Pacific Emp'rs Ins. Co. v. Twelve Oaks Med. Ctr.*, No. 03-08-00059-CV, 2010 WL 1511753 at *1, 2010 Tex. App. LEXIS 2771 at *4 (Tex. App.—Austin Apr. 16, 2010, no pet.) (mem. op.) (citing *Thomas*, 207 S.W.3d at 339–40).

30. *See Id.* at *1, 2010 Tex. App. LEXIS 2771 at *3–4.

31. *See Thomas*, 207 S.W.3d at 338–40; *see also City of Houston v. Estate of Jones*, 388 S.W.3d 663, 665 (Tex. 2012) (per curiam) (where municipality had filed plea to jurisdiction against claims for alleged breach of settlement agreement, deducing that "[t]he trial court implicitly denied the City's plea to the jurisdiction by granting partial summary judgment to [the claimant] on the issue of liability and setting the case for trial on the issue of damages" (citing *Thomas*, 207 S.W.3d at 339–40)); *Lazarides v. Farris*, 367 S.W.3d 788, 796–97 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (jurisdiction existed under Section 51.014(a)(8), despite absence of explicit ruling on plea to the jurisdiction, where trial court had denied a summary-judgment motion in which various jurisdictional challenges were presented); *cf. Waller County*, 453 S.W.3d at 73, 75–76 (trial court's denial of summary-judgment motion did not imply jurisdictional ruling, so as to conflict with court's ruling deferring jurisdictional issue, because motion could have been denied based on either jurisdictional or non-jurisdictional grounds).

imply from the earlier order under *Thomas*. And given that contradiction, we conclude, for two alternative reasons, that there is no basis for our jurisdiction under Section 51.014(a)(8).

The first alternative reason is perhaps the most obvious one—we should be hesitant to conclude that the district court impliedly denied the Executive Director's jurisdictional challenge through its "Order Granting Plaintiff's Motion for Partial Summary Judgment" when its "Order on Defendant's Plea to Jurisdiction and Rule 91a Motion to Dismiss" explicitly ruled otherwise.[32] The two orders can both be given effect only by viewing the former as having granted the Planning Commission's motion for partial summary judgment without reaching the jurisdictional grounds the Executive Director had asserted in opposition. Whatever this might imply about the correctness of the district court's summary-judgment ruling, there would be no order subject to interlocutory appeal under Section 51.014(a)(8). Nor would the interlocutory summary-judgment ruling, in itself, be appealable.

Alternatively, the effect of the district court's explicit deferral of its jurisdiction ruling would have been to vacate any jurisdictional ruling implicit in its summary-judgment order. It is in this regard that the sequence of the two orders, noted in our introduction, becomes significant. Both orders, being interlocutory, remained subject to change or modification—or being abrogated altogether—until merged into a final judgment.[33] And because the "Order Granting Plaintiff's Motion for Partial Summary Judgment" preceded the "Order on Defendant's Plea to Jurisdiction and Rule 91a Motion to Dismiss," any implied jurisdictional ruling in the former would have been effectively vacated by the latter's contrary reservation of jurisdictional issues until trial. Once again, there would be no order subject to appeal under Section 51.014(a)(8).

## CONCLUSION

This litigation presents a number of potentially challenging legal questions for the Judiciary, and the broader policy and societal debates from which these arise may be more vexing still for the other two branches. But all of these matters presently lie beyond the subject-matter jurisdiction with which this Court is vested. Accordingly, we grant the Planning Commission's motion and dismiss this appeal.

32. *Cf. Fletcher v. Minnesota Mining & Mfg. Co.*, 57 S.W.3d 602, 604–05 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("We reject appellants' attempt to recast their denied charge … as an implied ruling granting 3M's motion for directed verdict, when that implied ruling would contradict the trial court's express ruling denying that same motion.").

33. *See, e.g., Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam) (noting that "[a] trial court has plenary power over its judgment until it becomes final" and "[t]he trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered") (citations omitted); *Newsom v. Ballinger Indep. Sch. Dist.*, 213 S.W.3d 375, 378 (Tex. App.—Austin 2006, no pet.) ("A trial court retains plenary power to vacate, modify, correct, or reform its judgment at any time until the judgment becomes final thirty days after it is signed or thirty days after a timely motion for new trial has been overruled.") (citing Tex. R. Civ. P. 306a, 329(b); *Fruehauf Corp.*, 848 S.W.2d at 84; *In re Garza*, 153 S.W.3d 97, 102 (Tex. App.—San Antonio 2004, no pet.)).