

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00154-CV

---

JORGE CAMARILLO

APPELLANT
AND APPELLEE

V.

CABINETS BY MICHAEL, INC. AND
MICHAEL WELLS

APPELLEES
AND APPELLANTS

----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 342-266475-13

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

While I concur in the result, as to the summary judgment ruling, I would

hold only that the trial court erred by granting summary judgment in a certain

amount when the summary judgment evidence did not conclusively establish that

---

[1]*See* Tex. R. App. P. 47.4.

amount, *see* Tex. R. Civ. P. 166a(c), (f), and then further erred by incorporating that partial summary judgment into its final judgment.

I would not hold, however, that the trial court erred by granting the motion for rehearing. A trial court has plenary power—power that is full, entire, complete, absolute, perfect, and unqualified—over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs. *Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *3 n.3 (Tex. App.—Fort Worth May 25, 2017, no pet.) (mem. op.); *see Bass v. Waller Cty. Sub–Reg'l Planning Comm'n*, 514 S.W.3d 908, 916 (Tex. App.—Austin 2017, no pet.) ("Both orders, being interlocutory, remained subject to change or modification—or being abrogated altogether—until merged into a final judgment."); *see also Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 504 (Tex. App.—Dallas 2014, no pet.) ("[A] trial court has the inherent right to change or modify any interlocutory order or judgment until the judgment on the merits of the case becomes final."). The error was not in the granting of the motion for rehearing; it was in the signing of the judgment after rehearing.

As to Appellees' attempt to confess judgment, I concur that the trial court erred. Pursuant to rule of civil procedure 314, a defendant's confession of judgment must be sworn to by the party in whose favor the judgment is to be

taken.  *See* Tex. R. Civ. P. 314(a) ("A petition shall be filed and the justness of the debt or cause of action be sworn to by the person in whose favor judgment is confessed.").  The rationale behind this requirement is a simple and understandable one—a defendant cannot, by confession, bind a plaintiff to a lesser amount than the plaintiff seeks to prove at trial.  Because Appellees failed to comply with rule 314 and attempted to confess judgment without Appellant's consent as to the justness of the amount to be confessed, the trial court erred by basing its judgment upon the disputed amount.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

DELIVERED:  June 28, 2018