# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00250-CV[1]

### Unity Friendship Baptist Church, Appellant

### v.

### Walton Homes LLC, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-15-005374, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Unity Friendship Baptist Church filed this appeal from the trial court's order granting summary judgment in favor of appellee Walton Homes LLC. As explained below, that order is interlocutory, and we therefore have no choice but to dismiss the appeal. *See, e.g.*, *Tingley v. Northwestern Nat'l Ins. Co.*, 712 S.W.2d 649, 650 (Tex. App.—Austin 1986, no writ).

Walton Homes sued Unity for breach of contract, seeking specific performance of a real estate contract and additional consequential damages of at least $300,000, and for declaratory relief, seeking certain declarations related to the propriety of the real estate contract. Walton Homes

---

[1] The notice of appeal in this case was originally filed in July 2016. The Supreme Court of Texas ordered the case transferred to the Eighth Court of Appeals pursuant to its docket equalization authority. *See* Tex. Gov't Code § 73.001; Misc. Docket No. 16-9100 (Tex. June 21, 2016). This Court transferred the case to our sister court in August 2016. In April 2018, the Supreme Court of Texas ordered that this case, along with certain other cases, be transferred back to this Court from the Eighth Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018).

filed a motion for summary judgment asking the trial court to enforce specific performance of the contract and to award attorney's fees.

On June 30, 2016, the trial court signed an order granting summary judgment. The order specifically stated that Walton Homes had proved as a matter of law its claim for breach of contract. The court further ordered Unity to convey the property to Walton Homes in exchange for $650,000, as provided in the contract, and awarded Walton Homes attorney's fees through and including the hearing on the motion for summary judgment. On July 1, Walton Homes filed a motion to have the sales proceeds deposited into the registry of the trial court, explaining that the trial court had ruled from the bench during the summary judgment hearing that the funds would be so held "while the litigation implicating control of the funds was pending" but that the order granting summary judgment did not include such a provision. The trial court signed an order granting that motion on July 5, stating that the funds would be held "during the pendency of this above-styled and numbered cause." The property was conveyed as ordered, and on July 22, Walton Homes arranged to have the funds deposited into the trial court's registry. Unity filed a notice of appeal from that order on July 22, and on August 23, Versie Smith-Sauls and Willie Sauls filed a petition in intervention, asserting a right to the funds being held in the trial court's registry. Meanwhile, on August 9, this appeal was transferred to the Eighth Court of Appeals pursuant to a transfer order from the supreme court.

On August 11, Walton Homes filed a motion to dismiss on grounds that the order granting summary judgment was interlocutory because there were still claims pending in the trial court. Unity responded that the trial court's order disposed of all parties and issues and that the

status of the case in the trial court was "closed." Walton Homes replied, explaining that its claim for breach of contract sought both specific performance and damages and that it requested declaratory relief to clear title to the property. It noted that its motion for summary judgment sought only adjudication of Unity's liability for breach of contract, an order for specific performance, and attorney's fees; that the order granting summary judgment did not adjudicate or even mention Walton Homes's requests for damages or declaratory relief; and that the order contained no "Mother Hubbard" clause[2] or other indication of finality. Walton Homes further argued that the petition in intervention had not been addressed and, therefore, that there was a dispute over who should control the sale proceeds. Unity filed a letter in response, stating that "at this time, the Church is not making a claim to the funds in the registry for the purported sale of Church property. In the interest of judicial economy, I am notifying this Court. There are no remaining issues in dispute between parties in the district court."

On November 16, 2016, our sister court issued a per curiam order denying Walton Homes's motion to dismiss, stating that it had reviewed the record and "determined that the summary judgment is final and appealable." Walton Homes filed a motion for reconsideration, listing its claims and requests still pending in the trial court—including damages for Walton Homes's expectation interest, reliance interest, restitution in an amount to be proven at trial, and declaratory relief—and again noting that the petition in intervention had not been disposed of. Unity responded that the summary judgment order "literally granted appellee's breach of contract claim

---

[2] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 & n.4 (Tex. 2001) ("Mother Hubbard" clause recites that all relief not expressly granted is denied).

3

and the damage remedy of specific performance, attorney's fees, and post-judgment interest thereby

mooting any need for disposition of a declaratory judgment." Unity also argued that the petition in

intervention was filed after the trial court's plenary power expired.

On April 12, 2018, the appeal was transferred back to this Court from the Eighth

Court of Appeals. In our review of the record, the issue of jurisdiction immediately arose.[3]

"Courts always have jurisdiction to determine their own jurisdiction." *Houston Mun.*

*Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007). "Not only may a reviewing court

assess jurisdiction for the first time on appeal, but all courts bear the affirmative obligation to

ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it."

*City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (cleaned up). Barring specific statutory

permission, we lack jurisdiction over interlocutory orders, including partial summary judgments.

*See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Bass v. Waller Cty.*

*Sub-Reg'l Planning Comm'n*, 514 S.W.3d 908, 912 (Tex. App.—Austin 2017, no pet.). Although

a judgment rendered after a trial on the merits is presumed to be final, there is no such presumption

after the grant of summary judgment. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*,

167 S.W.3d 827, 829 (Tex. 2005). Thus, "a judgment issued without a conventional trial is final for

purposes of appeal if and only if either it actually disposes of all claims and parties then before the

---

[3] We recognize that the Eighth Court of Appeals considered the issue of jurisdiction and denied Walton Homes's motion. However, the record before us does not support such a conclusion. Moreover, although this case provides a very different procedural posture than the one we usually confront when disagreeing with a sister court, we are not bound by our sister courts' decisions. *See, e.g.*, *HWY 3 MHP, LLC v. Electric Reliability Council of Tex.*, 462 S.W.3d 204, 211 n.4 (Tex. App.—Austin 2015, no pet.); *Satterfield v. Crown Cork & Seal Co.*, 268 S.W.3d 190, 206 n.17 (Tex. App.—Austin 2008, no pet.).

4

court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001).

This is not a case in which the trial court granted more relief than Walton Homes had sought or proven itself entitled to, thus erroneously rendering a final summary judgment, *see, e.g.*, *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296-97 (Tex. 2011) ("Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error."); *Almeter v. Bastrop Cent. Appraisal Dist.*, No. 03-17-00092-CV, 2017 WL 4478217, at *7 (Tex. App.—Austin Oct. 5, 2017, pet. denied) (mem. op.). This order is not titled "final summary judgment" or "final judgment," it does not include *Lehmann* language or other similar language explicitly indicating finality, and it does not make reference to Walton Homes's request for declaratory relief or additional consequential damages. This order does not contain any indicia of finality; was entered following a hearing on summary judgment, not a trial on the merits; and did not dispose of all of Walton Homes's pending claims. *See Lehmann*, 39 S.W.3d at 203-04.

Furthermore, the order being appealed was followed almost immediately by an order granting Walton Homes's motion asking that the funds should be deposited into the court's registry, which stated that the trial court had ruled from the bench that the funds should be so deposited "while the litigation implicating control of the funds was pending." The supreme court recently observed that "when analyzing orders directing funds deposited into the court's registry of the court pending a final adjudication of ownership, most courts deem these orders as interlocutory and not subject to appeal." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 587-88 (Tex. 2018). In that case, because the issue of "competing substantive

5

ownership rights" was not decided until the trial court issued a release order, that order did more than merely reaffirm the earlier turnover order and was a final, appealable judgment. *Id.* at 588. The depositing of the funds in the court's registry, where they apparently remain to this day, is further indication that the trial court's order granting summary judgment was not a final order. *See id.*

We hold that the trial court's order merely granted *partial* summary judgment. Although the declarations sought by Walton Homes might overlap the specific-performance remedy it has already obtained, those requests are still pending, as are its claims related to other consequential damages. Further, although Unity sent a letter to the Eighth Court of Appeals stating that it was not asserting an interest in the funds held in the court's registry, there is no indication that any such disclaimer was filed in the trial court or that there has been any disposition of the funds. Thus, the issue of ownership of the funds remains pending as well. For all of these reasons, we hold that the order Unity seeks to appeal is interlocutory, and we may not exercise jurisdiction over this appeal. We have no choice but to disagree with our sister court's ruling to the contrary. We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed: July 24, 2018

6