# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00201-CV

---

**Austin Materials, LLC, Appellant**

**v.**

**Christina Rosado, as Guardian for Sonia Troche, an Incapacitated Person;
Julizandra Cedeno; Lyzandra Cedeno; and Kazandra Cedeno, Appellees**

---

**FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-19-006091, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is a dispute over a multi-vehicle accident that seriously injured Sonia Troche. Austin Materials appeals from the trial court's denial of its motion for summary judgment, which argued that it is immune from suit under Section 97.002 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(15) (authorizing appeal of order that "grants or denies a motion for summary judgment filed by a contractor based on Section 97.002"). Austin Materials also attempts to appeal from an order granting Troche's partial motion for summary judgment. We affirm the first order and dismiss the appeal of the second for want of jurisdiction.

## BACKGROUND

On April 17, 2019, Sonia Troche was driving westbound on I-10 in Seguin when she encountered an unexpected traffic slowdown. As she slowed, Christopher Ferguson came up behind her in an eighteen-wheel tractor trailer. Ferguson was unable to stop in time and collided with the rear of her vehicle. Ferguson died, and Troche sustained injuries that left her incapacitated. The accident occurred in a construction zone controlled by Austin Materials, an asphalt paving company that was performing road construction work approximately two miles away under contract with the Texas Department of Transportation (TxDOT).

Troche's guardian sued Austin Materials on her behalf alleging that it failed to place an electronic sign warning motorists of the lane closure in the correct location and that this failure caused Troche's injuries.[1] The placement of the sign was allegedly required by Austin Materials' contract with TxDOT. The contract requires Austin Materials to "perform the work in accordance with the provisions of the referenced specifications and special provisions which are a part of this contract." Those specifications included TxDOT's "Standard Specifications for Construction and Maintenance of Highway, Streets and Bridges," which requires Austin Materials to provide "a safe and comfortable passage for vehicular and pedestrian traffic with minimal inconvenience to the public, as shown in the plans." The "plans" refer to Traffic Control Plan (6-1)-12. TCP (6-1)-12 requires placement of a "portable changeable messages sign" (PCMS) displaying "appropriate information" such as "MERGE LEFT," the recommended advisory speed, or information about delays. TCP (6-1)-12 states that the PCMS should be

---

[1] Troche's adult children later joined the suit as plaintiffs. We refer to them collectively as "Troche."

placed 3,600 feet from the beginning of the construction zone. Troche alleged that Austin Materials placed the PCMS sign 1.1 miles away from that location.

Austin Materials filed a motion for summary judgment with traditional and no-evidence grounds. In its traditional motion, Austin Materials argued that Ferguson's failure to control his speed was an unforeseeable event that negated causation and, in the alternative, that it was entitled to immunity because it complied with TCP (6-1)-12. *See* Tex. Civ. Prac. & Rem. Code § 97.002 (providing immunity for road contractors from negligence suits if "the contractor is in compliance with contract documents material to the condition or defect" that allegedly caused injury). Austin Materials attached to its motion, inter alia, excerpts from the depositions of TxDOT area engineer Will Lockett and inspector Victor Abrego; the declaration of Austin Materials' construction manager, Alex Flores; and TxDOT's discovery answers. Austin Materials also asserted a no-evidence point alleging Troche had no evidence that the sign placement caused her injuries.

Troche filed a response and attached excerpts from Austin Materials' daily work report for the date of the accident; the declarations of Austin Materials' work superintendent, Charles Anthony Martinez and crew foreman Juan Hernandez; a video of the accident site taken by Martinez; and the declaration of Troche's expert, David Steitle. Troche also filed a motion for partial summary judgment arguing that Austin Materials owed her a "duty to comply with Traffic Control Plan (6-1) – 12 regarding the lane closure at issue, including the proper placement of the PCMS 3,600 feet from the beginning of the lane closure, as required by the plan."

The trial court signed separate orders denying Austin Materials' motion and granting Troche's motion. Austin Materials filed timely appeal of both orders.

# APPELLATE JURISDICTION

We first consider our own jurisdiction. Troche has filed a partial motion to dismiss this appeal to the extent it challenges the trial court's order granting her motion for partial summary judgment, arguing that we lack jurisdiction over that order. Whether we possess jurisdiction is a question of law that we consider de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). Our jurisdiction is generally limited to appeals from final judgments and certain interlocutory orders made appealable by statute. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018) (citing Tex. Civ. Prac. & Rem. Code § 51.012).

The legislature has authorized an appeal from an order that "grants or denies a motion for summary judgment filed by a contractor based on Section 97.002." Tex. Civ. Prac. & Rem. Code § 51.014(a)(15). Austin Materials argues that our jurisdiction under this provision extends to reviewing the otherwise-unappealable order to the extent that ruling bears upon the validity of the appealable order.[2] *See Texas State Bd. of Exam'rs in Optometry v. Carp*, 343 S.W.2d 242, 243 (Tex. 1961) (unappealable interlocutory orders "cannot be attacked in an appeal from another interlocutory order which is appealable except in so far as the questions raised might affect the validity of the latter order"); *Verticor, Ltd. v. Wood*, 509 S.W.3d 488, 493 n.13 (Tex. App.—Austin 2015, pet. denied) (same). Austin Materials argues that the trial

---

[2] There is no dispute that the order granting partial summary judgment is not independently appealable. A judgment is final for purposes of appeal if it "actually disposes of every pending claim and party" or if "it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). The order granting Troche's motion does not dispose of all claims and all parties, *see id.*, and no statute authorizes an appeal of it, *see Bass v. Waller Cnty. Sub-Reg'l Planning Comm'n*, 514 S.W.3d 908, 912 (Tex. App.—Austin 2017, no pet.) ("[T]he Legislature has thus far not seen fit to authorize—at least categorically—appeals of interlocutory orders granting partial summary judgment[.]").

court's ruling on duty affects the validity of its ruling on immunity because whether Austin Materials owed Troche a duty is a factor in determining its entitlement to immunity. Troche replies that whether Austin Materials is entitled to immunity "is completely independent from the existence of a duty" to Troche.

We agree with Troche. Section 97.002 provides:

> A contractor who constructs or repairs a highway, road, or street for the Texas Department of Transportation is not liable to a claimant for personal injury, property damage, or death arising from the performance of the construction or repair if, at the time of the personal injury, property damage, or death, the contractor is in compliance with contract documents material to the condition or defect that was the proximate cause of the personal injury, property damage, or death.

Tex. Civ. Prac. & Rem. Code § 97.002. Austin Materials argues that without a duty to Troche, "there would be no material condition or defect that was the proximate cause of [her] personal injury to invoke statutory immunity." This is correct to the extent that Troche would not have a negligence claim in the absence of a duty—a negligence claim "consists of three elements: (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *See City of Austin v. Membreno Lopez as Next Friend of Lopez*, 632 S.W.3d 200, 210–11 (Tex. App.—Austin 2021, pet. denied) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)).

But Austin Materials' entitlement to immunity does not turn on the existence of a duty. Section 97.002 is an affirmative defense. *See, e.g.*, *ISI Contracting, Inc. v. Markham*, 647 S.W.3d 489, 492–93 (Tex. App.—San Antonio 2022, pet. denied) (characterizing Section 97.002 as affirmative defense); *Brown v. RK Hall Constr., LTD.*, 500 S.W.3d 509, 511 (Tex. App.—Texarkana 2016, pet. denied) (same); *Peachtree Const., Ltd. v. Head*, No. 07-08-0020-CV, 2009 WL 606720, at *3 & n.5 (Tex. App.—Amarillo Mar. 10, 2009,

no pet.) (mem. op.) (same). "[A]n affirmative defense 'defeats the plaintiff's claim without regard to the truth of the plaintiff's assertions.'" *Philadelphia Indem. Ins. v. White*, 490 S.W.3d 468, 485 (Tex. 2016) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 156 (Tex. 2015)); *see Phillips v. Phillips*, 820 S.W.2d 785, 791 (Tex. 1991) (explaining that affirmative defense "does not tend to rebut factual propositions asserted by a plaintiff[ ] but seeks to establish an independent reason why the plaintiff should not recover"). Section 97.002 makes a contractor immune based on its compliance with the "contract documents" material to the condition or defect that allegedly caused the plaintiff's injury. *See* Tex. Civ. Prac. & Rem. Code § 97.002. Whether a contractor was in compliance does not hinge on whether the plaintiff's allegation that the contractor owed the plaintiff a duty is true. *See Markham*, 647 S.W.3d at 502–03 (concluding defense applied because "contractors had complied with the contract documents material to the *alleged* proximate cause of the personal injury and death" (emphasis added)); *A.S. Horner, Inc. v. Navarrette*, 656 S.W.3d 717, 723–24 (Tex. App.—El Paso 2022, no pet.) (construing Section 97.002 to require "a causal nexus between the contractor's conduct in performing a TxDOT project—whether ongoing or completed—and the injury *claimed*" (emphasis added)).

We conclude that the validity of the trial court's order denying Austin Materials' motion for summary judgment based on Section 97.002 is not affected by its ruling that Austin Materials owed Troche a duty. Our jurisdiction under Section 51.014(a)(15) therefore does not extend to reviewing the trial court's partial-summary judgment order. *See Fawcett v. Rogers*, 492 S.W.3d 18, 29 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("An appellate court's jurisdiction over an interlocutory appeal is limited to the scope permitted in the statute."). We

6

grant Troche's partial motion to dismiss and limit our review to Austin Materials' challenge to the trial court's denial of its motion for summary judgment. *See* Tex. R. App. P. 42.3(a).

## DISCUSSION

Austin Materials argues in three issues that the trial court erred by denying its traditional and no evidence motion for summary judgment.

### *Legal Standards*

"We review summary judgments de novo, viewing the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). A party moving for traditional summary judgment has the burden to demonstrate that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). In comparison, a party may obtain a no-evidence summary judgment when "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *Id.* R. 166a(i). "A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). "A defendant may obtain summary judgment by conclusively establishing an affirmative defense." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021).

7

*Causation*

Austin Materials argues in its first two issues that the trial court erred by denying its no-evidence motion on the issue of causation.[3]  Austin Materials argues that Troche provided no "evidence of what caused the April 17, 2019 accident" or, in the alternative, any "evidence that Christopher Ferguson's actions, if any, were proximately caused by any act or omission by Austin Materials."  Troche responds that Austin Materials waived these arguments because it presented a different causation challenge in its no-evidence motion.  In the alternative, Troche argues that it presented evidence raising a fact issue on causation.

We do not resolve these disagreements because the trial court's denial of Austin Materials' no-evidence motion is not properly before us in this interlocutory appeal brought under Section 51.014(a)(15).  "The general rule is that a denial of a summary judgment is not reviewable on appeal." *Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *accord Mushtaler v. City of Austin*, No. 03-22-00655-CV, 2023 WL 1112520, at *1 (Tex. App.—Austin Jan. 31, 2023, no pet.) (mem. op.) (explaining that [t]he denial of a motion for summary judgment is not a final judgment and generally is not reviewable by interlocutory appeal" and citing cases).[4]  Applying the general rule here, we conclude that we lack jurisdiction to review the part of the trial court's order denying no-evidence summary judgment on the issue of

---

[3] Austin Materials does not challenge the denial of its traditional ground for summary judgment based on causation.

[4] There is an exception for "when a statute expressly authorizes an appeal of a denied summary judgment motion." *Ahmed v. Mbogo*, No. 05-17-00457-CV, 2018 WL 3616887, at *4 (Tex. App.—Dallas July 30, 2018, pet. denied) (mem. op.).  But as we explained in our analysis of Troche's motion to dismiss, Section 97.002 immunity does not depend on the existence of a duty.  To the extent Austin Materials' motion for summary judgment is based on causation, it is not a motion for summary judgment "based on Section 97.002." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(15).

causation and that our review is limited to reviewing Austin Materials' immunity ground for summary judgment. *See Fawcett*, 492 S.W.3d at 29 ("An appellate court's jurisdiction over an interlocutory appeal is limited to the scope permitted in the statute" and "issues outside that scope cannot be considered in the interlocutory appeal, even if presented in the same motion or other relief is granted in the same order."). We overrule Austin Materials' first two issues.

***Statutory Immunity***

Austin Materials argued in its third issue that it conclusively established its entitlement to immunity under Section 97.002. *See Eagle Oil & Gas Co.*, 619 S.W.3d at 705 (defendant may obtain summary judgment by "conclusively establishing" each element of affirmative defense). Proof is conclusive when "reasonable people could not differ in their conclusions." *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). The parties dispute whether Austin Materials complied with the relevant contract documents—TCP (6-1)-12—in its placement of the PCMS.

Before reaching that issue, we first address Austin Materials' argument that the trial court erred in denying its motion for summary judgment because Troche lacks capacity "to contest whether Austin Materials was in compliance" with the contract because "only TxDOT can determine compliance or not." In other words, Austin Materials argues that Troche is not entitled to sue on the contract. Troche responds that that this is not a question of capacity because she is not suing on the contract.

We agree with Troche. "Generally, in order to enforce a contract, a litigant must be either a party to that contract or an intended third-party beneficiary." *Heartland Holdings, Inc. v. U.S. Tr. Co. of Tex. N.A.*, 316 S.W.3d 1, 7 (Tex. App.—Houston [14th Dist.] 2010, no pet.). But Troche does not allege that she is either a party or an intended third-party

9

beneficiary. Instead, she alleges in her live pleadings that Austin Materials has a duty to exercise reasonable care in carrying out its contractual obligations in a way that does not injure third parties, that Austin Materials breached that duty by failing to position the PCMS as required by TCP (6-1)-12, and that she suffered injuries as a result. It was Austin Materials—not Troche—that raised the issue of whether Austin Materials was "in compliance" with the parts of the contract material to Troche's claims by moving for summary judgment based on Section 97.002. Because Troche is not suing to enforce the contract, we reject Austin Materials' argument that she may not "contest whether Austin Materials was in compliance" with the contract. *See, e.g., Markham*, 647 S.W.3d at 497–504 (addressing plaintiffs' challenge to contractor's compliance even though plaintiffs were not parties to contract); *A.S. Horner*, 656 S.W.3d at 723–26 (same).

We next consider whether Austin Materials conclusively established that it complied with TCP (6-1)-12 regarding placement of the PCMS sign. To establish compliance, Austin Materials relied on the depositions of TxDOT area engineer Will Lockett and inspector Victor Abrego; the declaration of Austin Materials' construction manager, Alex Flores; and TxDOT's answers to written deposition questions. Lockett, the TxDOT area engineer, testified that he and his inspectors are responsible for ensuring that general contractors comply with the traffic control plans and other contract requirements. When asked if Austin Materials complied with the plan, Lockett replied that he viewed Martinez's video and that even though the "message board [is] missing," it was unclear to him "if it was being relocated or if they were in the process of taking down or putting up the traffic control devices" in the area. He was then shown several parts of the video. Asked the same question again, he replied "[f]rom what I can tell, they were in compliance." Abrego, the TxDOT inspector on the date of the accident,

10

testified after viewing the video that Austin Materials "was in compliance" with TCP (6-1)-12. Flores, Austin Materials' construction manager, confirmed that Austin Materials had never received a notice of default from TxDOT regarding this contract.

Separately, Lockett answered written deposition questions as TxDOT's representative. *See generally* Tex. R. Civ. P. 200. TxDOT was asked to state whether, on the date of the accident, Austin Materials "was in compliance with TxDOT's contractual provisions" in performance of the Contract regarding implementing and performing "TxDOT's traffic control plan"; "establish[ing], monitor[ing] and supervis[ing] the work zone"; and "setting up signage." Lockett answered "Yes, to the best of my knowledge" to all three questions.

Troche responds that this evidence does not conclusively prove that Austin Materials complied with the contract. Lockett acknowledged that the message board was "missing" from the location required by TCP (6-1)-12 and gave possible excuses for its absence. Further, while Austin Materials is correct that Abrego testified that Austin Materials "was in compliance" with TCP (6-1)-12, he later acknowledged in the same deposition that the PCMS was in the wrong location and that this constituted a violation of the contract. Additionally, Martinez stated in his declaration that "the portable message board alerting drivers of the lane closure was missing from where it should have been placed according to the traffic control plan." Juan Hernandez, Austin Materials' crew foreman on the date of the accident, stated in his own declaration that he reviewed the video and that the "message board that is supposed to be at the lane closure is missing based on the traffic control plan for one lane closures."

Austin Materials argues in its reply brief that Lockett's answers for TxDOT are conclusive. Section 5.1 of the special provisions state:

5.1. Authority of Engineer. The Engineer has the authority to observe, test, inspect, approve, and accept the work. The Engineer decides all questions about the quality and acceptability of materials, work performed, work progress, Contract interpretations, and acceptable Contract fulfillment. The Engineer has the authority to enforce and make effective these decisions.

The Engineer acts as a referee in all questions arising under the terms of the Contract. The Engineer's decisions will be final and binding.

Austin Materials interprets this section to vest the Area Engineer—Lockett—with "final and binding authority to decide all contract questions, including determining whether a contractor's work is acceptable and fulfills the contract requirements." Thus, Lockett's answers for TxDOT that Austin Materials was complying with the material aspects of the traffic control plan on the date of the accident is conclusive. To support this claim, Austin Materials directs our attention to *Markham*, which involved a substantively identical contract. 647 S.W.3d at 501 (discussing contract provisions, including Item 5.1). There, the contractor had completed the repair work several months before the accident, and it was undisputed "that the TxDOT Engineer approved and accepted the work which was the basis of the Markhams' claims." *Id*. at 502. Our sister court concluded, based on Item 5.1, that the "Engineer's acceptance of that work determines as a matter of law that [the contractors] were in 'compliance with contract documents material to the condition or defect that was the [alleged] proximate cause of the personal injury, property damage, or death.'" *Id*. (second addition in original) (citing Tex. Civ. Prac. & Rem. Code § 97.002). Troche disputes that the engineer's assessment could ever be conclusive but argues that we need not resolve that question because there is no evidence that Lockett accepted Austin Materials' work.

We agree with Troche.[5]  The construction of a contract presents a question of law that we review de novo.  *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019).  Our objective in construing a contract is to "'ascertain the true intentions of the parties as expressed in the writing itself,' beginning with the instrument's express language." *Nettye Engler Energy, LP v. BlueStone Nat. Res. II, LLC*, 639 S.W.3d 682, 689 (Tex. 2022) (quoting *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011)).  Item 12 of the contract governs acceptance of the work by the area engineer.  It provides:  "Final acceptance is made when all work is complete and the Engineer, in writing, accepts all work for the work locations in the Contract.  Final acceptance relieves the Contractor from further Contract responsibilities."  Troche asks us to construe the engineer's authority to "accept" the work under Item 5.1 as referring to final acceptance under Item 12.  It is not necessary for us to decide the precise interplay between these provisions because there is no evidence that Lockett had accepted Austin Materials' work on the day of the accident.  Lockett answered for TxDOT that Austin Materials was compliant with the traffic control plan "to the best of his knowledge."  He did not purport to exercise his authority under Item 5.1 to decide "all questions arising under the terms of the Contract."  Even if *Markham*'s reasoning is correct—a question we do not reach—Lockett's deposition answers for TxDOT are not conclusive evidence

---

[5]  Troche has filed a motion to strike the "unauthorized portion of [the] reply brief," arguing that Austin Materials waived this argument by not including it in the motion for summary judgment and, alternatively, making it for the first time in its reply brief.  *See Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 515 (Tex. 2022) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion." (citing *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010))); *McFadden v. Olesky*, 517 S.W.3d 287, 293 n.3 (Tex. App.—Austin 2017, pet. denied) ("Ordinarily, an argument asserted for the first time in a reply brief is waived and need not be considered by an appellate court.").  For purposes of this analysis, we will assume without deciding that Austin Materials preserved this argument and address its merit.  Further, because we conclude that the argument is not meritorious, we dismiss the motion as moot.

that Austin Materials complied with TCP (6-1)-12.  *See Helix Energy Sols. Grp.*, 522 S.W.3d at 431 (holding matter conclusively established when "reasonable people could not differ in their conclusions").

Viewing all this evidence in the light most favorable to Austin Materials, we conclude that reasonable people could disagree regarding whether Austin Materials complied with the portions of TCP (6-1)-12 material to Troche's alleged injuries.  Thus, the trial court did not err when it denied Austin Materials' motion for summary judgment on the ground of section 97.002.  We overrule Austin Materials' final issue.

## CONCLUSION

We dismiss Austin Materials' appeal to the extent it is from the order granting Troche's motion for partial summary judgment, and we affirm the order denying its motion for summary judgment based on Section 97.002.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Theofanis, and Jones*

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed:   May 26, 2023

* Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. See Tex. Gov't Code § 74.003(b).

14