# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00521-CV

West Travis County Public Utility Agency, on behalf of itself and its Directors,
Larry Fox, Michael Murphy, Ray Whisenant, Bill Goodwin, and
Scott Roberts, in their Official Capacities, Appellants

v.

CCNG Development Co., L.P., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-14-000163, HONORABLE SCOTT JENKINS, JUDGE PRESIDING

## O P I N I O N

CCNG Development Co., L.P. sued West Travis County Public Utility Agency[1] and its Directors, Larry Fox, Michael Murphy, Ray Whisenant, Bill Goodwin, and Scott Roberts (collectively, the Agency) seeking damages for alleged breaches of a utility agreement, along with related declaratory and injunctive relief. The Agency filed a general denial and a plea to the jurisdiction asserting governmental immunity as to any claim for which its immunity was not waived by Texas Local Government Code section 271.152, which it asserted specifically included CCNG's claims under the Uniform Declaratory Judgments Act. *See* Tex. Loc. Gov't Code § 271.152 (local

---

[1] According to CCNG's petition, the Agency is a public utility agency created by Hays County, the City of Bee Cave, and West Travis County Municipal Utility District No. 5 pursuant to chapter 572 of the Texas Local Government Code. *See* Tex. Loc. Gov't Code § 572.052(a) (public entities may create public utility agency by concurrent ordinances). A public utility agency is a political subdivision of the State. *Id.* § 572.052(c)(2).

governmental entity authorized by statute or constitution to enter into contract and that enters into contract subject to subchapter I of chapter 271 waives immunity to suit for purpose of adjudicating claim for breach of that contract, subject to terms and conditions of subchapter I). Two years later, a district judge signed a blanket order dismissing the case, along with approximately 500 others, for want of prosecution because those cases had been pending for a period of time in excess of the standards set forth in Rule 6 of the Texas Rules of Judicial Administration and the Local Rules of Civil Procedure for the Travis County District Courts.

CCNG then timely filed a motion for new trial and motion to reinstate the case asserting that it had not received notice of the court's intent to dismiss the case as required by the local rules. CCNG explained that the parties had been engaged in settlement discussions since the date the Agency filed its answer and that those discussions had recently ended. CCNG stated that had it received notice of the dismissal it would have filed a motion to retain the case on the court's docket and that, because settlement efforts had failed, it desired to proceed quickly to trial. CCNG set the motion to reinstate for a fifteen-minute hearing on August 5, 2016. On August 4, the Agency filed its opposition to the motion to reinstate, arguing that it had paid CCNG all amounts it claimed were due and owing thereby rendering the case moot and that, as a consequence, the trial court lacked subject-matter jurisdiction. The response was supported by over two hundred pages of exhibits.

At the hearing, CCNG argued that the case was not moot because, among other things, it sought to recover attorneys' fees and interest in addition to actual damages. CCNG requested that the court reinstate the case and allow it to respond to the Agency's argument that there was no

longer a live controversy between the parties. The Agency countered that the evidence on record established that the case was moot.

Addressing the Agency's contention that the case was moot, the court stated:

> [H]ow can I tell that [the case is moot] on this record today without giving them an opportunity to make any response to your argument that it's moot?
>
> . . .
>
> [W]hat I'm saying is they need to have an opportunity to respond to the evidence on record.
>
> . . .
>
> It may be that when they have an opportunity to respond to your 215-page filing last night, they might be able to raise a fact question that essentially shows that it's not entirely moot. He says there's also declaratory relief they're seeking, there's injunctive relief they're seeking, so its not simply a matter of payment of money owed. Those are two arguments that would maybe negate the mootness argument.
>
> . . .
>
> I am going to grant the motion for new trial and to reinstate. This is without prejudice, of course—jurisdictional arguments can always be raised, so it's without prejudice to your opportunity to continue to argue or reargue, urge in a different hearing a motion to dismiss for lack of jurisdiction because the case is moot.

At the hearing the trial court signed an order granting CCNG's motion for new trial and motion to reinstate and reinstated the case on the court's active docket.

The Agency then filed a notice of interlocutory appeal of the trial court's order reinstating the case. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (appeal from interlocutory order); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (section 51.014(a) expands jurisdiction of courts of appeals and specifies circumstances in which litigant may immediately appeal from order

3

that would otherwise be unappealable because final judgment has not been rendered). In two issues, the Agency argues that the trial court erred by reinstating the case because it lacks subject-matter jurisdiction over a moot case and has no power to reinstate a case over which it has no jurisdiction. CCNG filed a motion to dismiss the interlocutory appeal, asserting that this Court lacks interlocutory jurisdiction to review the trial court's reinstatement order.[2] The Agency responded that this interlocutory appeal is authorized by Texas Civil Practice and Remedies Code section 51.014(a)(8), which permits an interlocutory appeal from an order denying a plea to the jurisdiction filed by a governmental unit. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (permitting interlocutory appeal from order granting or denying plea to jurisdiction filed by governmental unit as that term is defined in section 101.001); *id.* § 101.001 (defining "governmental unit" to include "a political subdivision of this state"). Because we lack interlocutory jurisdiction to review the trial court's reinstatement order, we will dismiss this appeal for lack of subject-matter jurisdiction.

## DISCUSSION

This Court has jurisdiction over this interlocutory appeal only to the extent such jurisdiction is expressly granted by section 51.014(a) of the Texas Civil Practice and Remedies Code. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001); *Qwest Commc'ns Corp. v. AT & T Corp.*,

---

[2] Generally, appellate courts only have jurisdiction to review a trial court's rulings after rendition of a judgment finally disposing of the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). Interlocutory appellate jurisdiction is an exception to this general rule; it enables us to review a trial court's ruling while the case is still pending before the trial court. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840-41 (Tex. 2007). We have interlocutory jurisdiction only when the Legislature authorizes it. *Id*.

4

24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments."); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding) (per curiam) ("Unless there is a statute specifically authorizing an interlocutory appeal, the Texas appellate courts have jurisdiction only over final judgments."). In order for this appeal to fall within the legislative grant of jurisdiction the Agency relies on, the order appealed must be one that "grants or denies a plea to the jurisdiction." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). The dispositive issue in this case, therefore, is whether the trial court's order reinstating the case constitutes a denial of the Agency's jurisdictional challenge.

The reinstatement order does not expressly address the Agency's challenge to the trial court's jurisdiction on either immunity or mootness grounds. A review of the record demonstrates that the trial court did not otherwise expressly deny or grant the Agency's jurisdictional challenge. Instead, the court pointed out that CCNG had not had an opportunity to respond, either with evidence or argument, to the Agency's argument that the case was moot. The trial court expressly stated that CCNG should have an opportunity to respond to the Agency's argument and evidence, that it was reinstating the case, and that after reinstatement the Agency could present its jurisdictional challenge for the court's consideration. The reinstatement order contains no ruling on the jurisdictional challenge and simply states that "Plaintiffs' Motion for New Trial and Motion to Reinstate is hereby GRANTED and that this case is hereby REINSTATED on the court's active docket." *See Texas Dep't of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.) (mem. op.) (order granting motion for continuance of governmental unit's plea to

5

jurisdiction and allowing additional discovery did not constitute implicit denial of plea); *City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (same).

The Agency maintains, however, that the trial court's reinstatement was necessarily a decision on the merits of the jurisdictional challenge because a trial court does not have the power to reinstate a case over which it lacks subject-matter jurisdiction. To support this argument, the Agency relies on three cases: *McConnell v. May*, 800 S.W.2d 194 (Tex. 1990) (per curiam); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994); and *United Residential Properties, L.P. v. Theis*, 378 S.W.3d 552 (Tex. App.—Houston [14th Dist.] 2012, no pet.). None of these cases supports the Agency's view that a trial court may not reinstate a case that was dismissed for want of prosecution before reaching a challenge to subject-matter jurisdiction. In *McConnell*, the Texas Supreme Court conditionally granted a writ of mandamus directing a trial court to vacate an order granting an unverified motion to reinstate. 800 S.W.2d at 194. The court held that the trial court's jurisdiction to reinstate the case expired when the party seeking reinstatement failed to file a verified motion to reinstate within 30 days of the signing of the dismissal order as required by the rules of civil procedure. *See id.* (citing Tex. R. Civ. P. 165a(3) ("A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order is signed . . . .")). In *Estate of Howley*, the supreme court similarly conditionally granted a petition for writ of mandamus directing the trial court to vacate a reinstatement order signed after its plenary power had expired. 878 S.W.2d at 140 (mandamus will issue when trial court erroneously reinstates case after expiration of court's plenary jurisdiction).

In *United Residential*, the trial court had signed a final judgment after a bench trial. 378 S.W.3d at 556. In its appeal from that judgment, United Residential argued that the trial court

6

did not have subject-matter jurisdiction over the case because, before trial, it had dismissed the case and then reinstated it more than 30 days later. *Id*. at 557. United Residential argued that the reinstatement order was void because it was signed after the trial court's plenary power had expired. *Id.* The court of appeals noted that rule 165a provides that a motion to reinstate must generally be filed within 30 days of the trial court's dismissal and the deadline is jurisdictional. *Id.* (citing *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) ("This court has repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void.")). The court of appeals ultimately rejected the jurisdictional challenge because it concluded that the motion to reinstate was filed within the trial court's plenary jurisdiction measured from the date determined under Texas Rule of Civil Procedure 306a(4). *Id.* at 559; *see* Tex. R. Civ. P. 165a (motion to reinstate must be filed within 30 days after order of dismissal is signed *or* within the period provided by rule 306a (emphasis added)).

The cases cited by the Agency hold that a court may not reinstate a case after its plenary power has expired.[3] They do not, however, support the Agency's assertion that a trial court may not reinstate a case it has dismissed for want of prosecution without first addressing a challenge to its subject-matter jurisdiction over the case. Nor do these cases support the notion that an order granting a motion to reinstate necessarily constitutes an implicit denial of a pending jurisdictional

---

[3] "Plenary power" is "the court's power to dispose of any matter properly before it." *See WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 751 (Tex. App.—Dallas 2006, pet. denied). The trial court's power to modify its judgment during this time period is "practically unlimited" or "virtually absolute." *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 294-95 (Tex. App.—Dallas 2009, no pet.). By contrast, any action taken by a trial court after it loses plenary power is void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam). In the present case, the parties do not dispute that the trial court had plenary power over the case when it signed the reinstatement order.

7

challenge. *See Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006) (trial court's ruling *on merits* of declaratory judgment claim constituted implicit denial of plea to jurisdiction). Rather, they are consistent with the noncontroversial principle that a trial court has no authority to issue orders once its plenary power has expired. *See In re Southwestern Bell Tel. Co.* 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

The Agency correctly states that interlocutory appeal is not foreclosed simply because the jurisdictional challenge was raised in response to a motion to reinstate rather than in a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (person may appeal from interlocutory order that grants or denies plea to jurisdiction by governmental unit); *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) ("The reference to 'plea to the jurisdiction' [in section 51.014(a)(8)] is not to a particular procedural vehicle but to the substance of the issue raised. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment."); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (section 51.014(a)(8) authorized interlocutory appeal from denial of governmental unit's rule 91a motion to dismiss on ground that plaintiffs had failed to allege viable causes of action not barred by governmental immunity). The relevant inquiry in this case is whether the court *did* rule on the jurisdictional challenge such that this Court has interlocutory jurisdiction to consider that ruling.

It is a fundamental precept that a court must not proceed to the merits of a case until legitimate challenges to its jurisdiction have been decided. *See Texas Dep't of Parks & Wildlife v.*

*Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). While the jurisdictional determination should be made as soon as practicable, the court has discretion to defer the jurisdictional decision until the case has been more fully developed. *See id.* at 227. In the present case, the trial court exercised its discretion to defer its decision on the Agency's jurisdictional challenge and to reinstate the case for further development. *See id.*; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) ("[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues."). Because the trial court has yet to enter an order that grants or denies the Agency's jurisdictional challenge, we lack subject-matter jurisdiction over this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); *Rusk State Hosp.*, 392 S.W.3d at 95 (section 51.014(a) is limited exception to general rule that party may appeal only from final judgments or orders). Consequently, we grant CCNG's motion to dismiss and dismiss the appeal.[4]

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   January 4, 2017

_____

[4] CCNG also moved for "just damages" pursuant to rule 45 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 45 (damages for frivolous appeals in civil cases). We overrule the motion.