# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00631-CV

---

**City of Magnolia, Appellant**

**v.**

**Magnolia Bible Church; Magnolia's First Baptist Church; Believers Fellowship; and Ken Paxton, Attorney General of Texas, Appellees**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006882, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

In this interlocutory appeal from the denial of appellant City of Magnolia's plea to the jurisdiction, the question is whether the district court lacked subject matter jurisdiction to grant a new trial after a bond validation hearing. For the following reasons, I concur with the Court's decision to affirm the district court's denial of the plea.

### BACKGROUND

In March 2018, the City adopted an ordinance that created a separate rate class for "Institutional/Non-Profit/Tax-Exempt" entities. The ordinance taxed Institutional/Non-Profit/Tax-Exempt entities a 50% surcharge on the in-city rate and certain fees.[1] The surcharge

---

[1] In August 2018, the City passed an ordinance amending the March ordinance. The August ordinance lowered the base rates for "Institutional/Non-Profit/Tax-Exempt" entities

allows the City to recoup the cost of providing water service to entities that otherwise do not pay for water-service infrastructure through an ad valorem tax.

Appellees are churches that opposed the surcharge.[2]  In a July 2018 letter, Appellees complained to the City that creating the "Institutional/Non-Profit/Tax-Exempt" accounts was discriminatory and stated they would "pursue remedy of this wrongful and unequitable policy through available legal recourse and actively seek legislation to reverse this and avoid other cities following suit."  To resolve any potential conflicts regarding the new water rates, the City filed suit in November 2018 under the Expedited Declaratory Judgment Act (EDJA), Tex. Gov't Code §§ 1205.001-.152, seeking a declaratory judgment that its rates are legal and valid, *see id.* §1205.021(2) (permitting an issuer to obtain a declaratory judgment as to "the legality and validity of each public security authorization relating to the public securities" including "the imposition of a rate, fee, charge, or toll . . . .").  The petition stated that the "Rate and Surcharge are being challenged by customers of the City." The City published notice of the suit in the Austin American-Statesman and the Houston Chronicle in accordance with the provisions of the EDJA.  *See id.* § 1205.043 (Publication of Notice).  In December 2018, a month after that suit was filed, Appellees sent a letter to the City opining that the ordinance setting the new rates violates the Texas Constitution, the Tax Code, and the Texas Religious Freedom Restoration Act (TRFRA) and that the rates are arbitrary and discriminatory.  After amending its petition in January 2019, the City republished notice of the suit.  The City did not individually notify Appellees that an EDJA suit was pending, and Appellees did not appear in the action.

---

compared to the March ordinance, but the overall features, including the surcharge, remained the same.

[2]  Magnolia Independent School District also opposed the surcharge but is not participating in this appeal or the underlying proceedings.

2

At the bond validation hearing, the Attorney General's Office stated that it had "worked very closely with counsel" for the City to provide guidance and also explained that if they know of any people "who object or have concerns, we work with them." Based on that close working relationship, counsel for the Attorney General's Office explained, "that's why there's no objection, no—no fireworks and nothing exciting because we try to have everything ready to go before this hearing." The district court validated the bonds in a February 7, 2019 order stating: "The Revenues pledged to secure the Bonds are legal and valid, including specifically the Rate and Surcharge;" "The imposition of the Rate is legal and valid;" "The imposition of the Surcharge is legal and valid; and" "The Bonds are legal and valid." Appellees did not file suit at that time as threatened in their letter. Instead, Appellees sought recourse through the legislative process, championing two companion bills that did not pass during the 86th legislative session. *See* Tex. S.B. 2322, 86th Leg., R.S. (2019); Tex. H.B. 4114, 86th Leg., R.S. (2019) ("Relating to rates established by municipalities for water and sewer services.").

In May 2019, having failed to obtain legislative relief, Appellees sued the City in Montgomery County, at which point the City sent Appellees a letter informing them of the final EDJA judgment and threatening to move to hold Appellees in contempt unless Appellees dismissed the Montgomery County suit. In response, in June 2019, Appellees filed a motion for new trial in the EDJA suit, asserting that the City's notice by publication violated their right to due process under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950), because Appellees had no actual notice of the pending EDJA suit and the City arguably had notice of Appellees' intentions to seek legal recourse. Appellees further argued that Texas Rule of Civil Procedure 329 allowed them to move for a new trial.

3

The City opposed the motion, observing that the bonds had already been issued, bearing the statement that they were "validated and confirmed by a judgment" that "perpetually enjoins the commencement of any suit [challenging] the provision made for the payment of the principal and interest." The City also challenged the district court's subject matter jurisdiction, arguing that Rule 329 does not apply to EDJA cases because it conflicts with "the provisions for speedy resolution set forth in the EDJA"; the district court lost plenary power over the suit such that Appellees cannot be granted "named party" status in the EDJA suit and thus lack standing to seek a new trial; and in the alternative, Appellees have no legitimate due process claim because the suit did not adjudicate their private rights and they were not entitled to special notice. The Attorney General's Office issued a statement supporting Appellees' motion for new trial, asserting that judgments under the EDJA, while intended to be "binding and conclusive," are nonetheless subject to the Texas Constitution and TRFRA, which "override other statutes to protect religious freedom." Based on the "incredibly unique and troubling facts" of the case, the Attorney General's Office opined that due process required the City to have provided Appellees actual notice of the EDJA suit. The district court granted the motion for new trial on the ground that failure to provide Appellees individual notice of the EDJA suit deprived Appellees of due process and, alternatively, that Appellees are entitled to a new trial under Rule 329.

"This Court has jurisdiction over this interlocutory appeal only to the extent such jurisdiction is expressly granted by section 51.014(a) of the Texas Civil Practice and Remedies Code." *West Travis Cty. Pub. Util. Agency v. CCNG Dev. Co.*, 514 S.W.3d 770, 773 (Tex. App.—Austin 2017, no pet.) (citing *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001); *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Cherokee Water Co. v.*

4

*Ross*, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding) (per curiam)). The City appeals under section 51.014(a)(8) of the Civil Practice and Remedies Code because the district court, by granting a new trial, rejected the City's arguments challenging the court's subject matter jurisdiction, thus denying what was substantively a plea to the jurisdiction. *See City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) (explaining that Texas Supreme Court "considers 'plea to the jurisdiction' not to refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised"). On appeal, I would first consider whether the EDJA bars application of Rule 329, in which case the district court would have lacked plenary power to grant a new trial or to allow Appellees to intervene. Only if Rule 329 does not apply would I determine whether due process nonetheless required a new trial under the circumstances presented in this case.[3]

## ANALYSIS

### Standard of Review

A plea to the jurisdiction challenges the court's authority to decide a case. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)). The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Id.* (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). Because subject-matter jurisdiction is a question of law, a trial court's ruling on a plea to the jurisdiction is reviewed de novo. *Houston Belt & Terminal*

---

[3] The City also argues that Appellees' motion should not be treated as a bill of review. Appellees agree. "A bill of review is an equitable proceeding brought to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Sweetwater Austin Props., L.L.C. v. SOS All., Inc.*, 299 S.W.3d 879, 890 (Tex. App.—Austin 2009, pet. denied). Because I ultimately conclude the district court had jurisdiction to grant a new trial, I do not consider the City's bill-of-review arguments.

*Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). In assessing a plea to the jurisdiction, courts begin by considering the plaintiff's live pleadings and determining whether the facts alleged affirmatively demonstrate that jurisdiction exists. *Heckman*, 369 S.W.3d at 150 (citing *Miranda*, 133 S.W.3d at 226). Mere unsupported legal conclusions do not suffice. *Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 737-38 (Tex. App.—Austin 2014, pet. dism'd).

**Rule 329's Applicability to EDJA Actions**

The City argues that the EDJA's "plain language preempt[s] any mechanism that would slow down or interfere with an expedited final adjudication," including granting a new trial under Rule 329. Resolution of this issue turns on construction of the EDJA and Rule 329, issues which are reviewed de novo. *See Paxton v. City of Dallas*, 509 S.W.3d 247, 256 (Tex. 2017); *Marathon Petrol. Co. v. Cherry Moving Co., Inc.*, 550 S.W.3d 791, 799 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd). The objective is to determine and give effect to the statute's and rule's intent, which is discerned from the plain meaning of the words chosen. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Marathon Petrol.*, 550 S.W.3d at 799; *see also* Tex. Gov't Code § 311.011 ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). Rule 329 provides:

> In cases in which judgment has been rendered on service of process by publication, when the defendant has not appeared in person or by attorney of his own selection:

6

(a)     The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was signed. The parties adversely interested in such judgment shall be cited as in other cases.

Tex. R. Civ. P. 329.  The City argues that Rule 329's permission for the court to grant a new trial within two years of the judgment's signing conflicts with the EDJA's provisions for expedited review.  As this Court has previously explained, the EDJA

> creates a unique 'in rem' and 'class action' proceeding whereby an 'issuer' of 'public securities' can obtain declarations establishing the 'legality' or 'validity' of the securities and certain related official proceedings . . . through an extraordinarily expedited process in which the Attorney General is presumptively the only other party participating personally.

*Cities of Conroe, Magnolia, & Splendora v. Paxton.*, 559 S.W.3d 656, 664 (Tex. App.—Austin 2018) (citing Tex. Gov't Code §§ 1205.021, .023, .041-.044, .062-.063, .065), *rev'd in part on other grounds and remanded by City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444 (Tex. 2020).  For all other persons, "the EDJA prescribes only publication notice directed to four categories of unidentified 'interested parties,' whose members may . . . appear personally, and regardless are deemed to comprise a 'class' that is bound by the judgment by virtue of the publication notice alone." *Id.* (citing Tex. Gov't Code §§ 1205.023, .041, .043, .044, .062, .101-104, .151(b)).  Under the statute, Appellees are both "interested parties" and "part[ies] to the action." *See* Tex. Gov't Code §§ 1205.041 (describing as interested parties all persons who are residents, property owners, taxpayers, or have or claim "a right, title, or interest in any property or money to be affected by a public security authorization or the issuance of the public securities"); .044 ("each person described by Section 1205.041(a) is a party to the action" over whom the court has jurisdiction "as if that person were individually named and personally

7

served"). Any "interested party" may become a "named party" and participate in an EDJA proceeding by filing an answer before the trial date or by "intervening, with leave of court, after the trial date." *Id.* § 1205.062. The EDJA expressly provides, "To the extent of a conflict or inconsistency between [the EDJA] and another law, [the EDJA] controls." *Id*. § 1205.002.

The City specifically argues that Rule 329 conflicts with section 1205.068(c) of the EDJA, which provides: "An order or judgment from which an appeal is not taken is final." *Id.* § 1205.068(c). According to the City, Rule 329 would impermissibly "render a final judgment in an EDJA suit anything *other* than final, binding, and conclusive," and is therefore "preempted." Appellees counter that Rule 329 does not conflict with the EDJA, and they assert that section 1205.068(c) defines a final judgment for the purpose of triggering section 1205.151 ("Effect of Judgment"). I agree with Appellees. Section 1205.151 "applies to a final judgment of a district court in an [EDJA ] action," and renders the final judgment "binding and conclusive" against the issuer (here, the City), the attorney general, the comptroller, and "any party to the action," which includes

> all persons who:
>
> (1)  reside in the territory of the issuer;
> (2)  own property located within the boundaries of the issuer;
> (3)  are taxpayers of the issuer; or
> (4)  have or claim a right, title, or interest in any property or money to be affected by a public security authorization or the issuance of the public securities.

*Id.* §§ 1205.041, 1205.151(a)-(b). Section 1205.151 then provides that the final judgment permanently enjoins "any person" from filing any proceeding contesting the validity of:

> (1)   the public securities, a public security authorization, or an expenditure of

8

money relating to the public securities described in the petition;

(2) each provision made for the payment of the public securities or of any interest on the public securities; and

(3) any adjudicated matter and any matter that could have been raised in the action.

*Id.* § 1205.151(c). Thus, "[r]esolving a controversy through an EDJA action ends that controversy once and for all: a final judgment is binding on all 'interested parties' and is an injunction against future attacks." *San Jacinto River Auth.*, 602 S.W.3d at 451 (citing Tex. Gov't Code §§ 1205.023, .041, .151). Unlike a typical final judgment that disposes of all claims and parties *before the court*, section 1205.151 precludes a judgment that is final under section 1205.068(c), as well as "any matter that *could have been raised* in the action," from being disputed in another legal action by "any person." *Id.* (emphasis added); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205-06 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.") (citing *Jack B. Anglin Co., v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *Linn v. Arambould*, 55 Tex. 611, 617-18 (1881)); *cf.* Tex. Gov't Code § 1205.061 (allowing a court, on the issuer's motion, to enjoin a legal action that contests the validity of items, including "a tax, assessment, toll, fee, rate, or other charge authorized to be imposed or made for the payment of the public securities" related to a public security); *Ex parte City of El Paso*, 563 S.W.3d 517 (Tex. App.—Austin 2018, pet. denied) ("under the plain language of the EDJA, the district court may enjoin a legal action that disputes or challenges the justness or legality of something done in connection with the public security"). I conclude that the plain language of section 1205.068(c) defines a "final" judgment under the EDJA and does not conflict with Rule 329's provisions

9

permitting the district court to grant new trial.[4]  Therefore, Rule 329 applies to suits under the

EDJA.[5]

Because Rule 329 applies, the district court had plenary power to grant the motion

for new trial.  Although a trial court's plenary power generally does not extend beyond thirty

days after a judgment is signed, Rule 329(d) provides, "If the motion [for new trial] is filed more

than thirty days after the judgment was signed, the time period shall be computed pursuant to

Rule 306a(7)," Tex. R. Civ. P. 329(d); *see id*. R. 329b(a), (d).  Rule 306a(7) states, "With respect

to a motion for new trial filed more than thirty days after the judgment was signed pursuant to

Rule 329 when process has been served by publication, the periods provided by paragraph

(1) shall be computed as if the judgment were signed on the date of filing the motion."  Tex. R.

Civ. Proc. 306a(7).  Paragraph (1) provides, "The date of judgment or order is signed as shown

---

[4]  By contrast, the legislature has expressly barred Rule 329's application to termination orders in section 161.211 of the Family Code: "Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who is served by citation by publication is not subject to collateral or direct attack after the sixth month after the date the order was signed."  Tex. Fam. Code § 161.211(b); *see id.* § 161.211(a) (prohibiting collateral or direct attack of termination orders "[n]otwithstanding Rule 329" for parents personally served and under other circumstances).

[5]  Rule 329(a) expressly applies to "the defendant."  Tex. R. Civ. P. 329(a).  Neither party argues that use of the term "defendant" rather than "party" precludes Appellees' reliance on Rule 329.  The Texas Supreme Court has stated, "'When judgment is rendered on service of process by publication, a *party* has two years to move for a new trial, which the trial court may grant for 'good cause.'"  *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting Tex. R. Civ. P. 329(a) (emphasis added); *see Sexton v. Sexton*, 737 S.W.2d 131, 133-134 (Tex. App.—San Antonio 1987, no writ) (holding that the trial court abused its discretion in not granting respondent new trial under rule 329 in parental termination suit); *see also* Tex. Fam. Code §§ 102.010 (referring to parties in parental termination suits as "petitioner" and "respondent"), 161.211(a)-(b) (prohibiting collateral or direct attacks of orders terminating parental rights after the expiration of six months, "[n]otwithstanding Rule 329").  Under these precedents, Rule 329 applies to a party who is served with process by publication even where a statute refers to that party by a term other than "defendant."

of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial . . . ." *Id.* R. 306a(1). Rule 329b(e) states,

> If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

*Id.* R. 329b(e). Appellees timely filed a motion for new trial under Rule 329. As a result, the district court had plenary power to grant that motion. For that reason, I would overrule the City's complaint that the district court lacked subject matter jurisdiction to grant the new trial based on a lack of plenary power. Having concluded that the district court had subject matter jurisdiction to grant the new trial under Rule 329, I do not address the parties' due process arguments. *See VanDevender v. Woods*, 222 S.W.3d 430, 432 (Tex. 2007) ("Judicial restraint cautions that when a case may be decided on a non-constitutional ground, we should rest our decision on that ground and not wade into ancillary constitutional questions.").

**Meritorious Defenses**

The City further argues that, if Rule 329 applies, Appellees did not meet its requirements because they "failed to set forth a meritorious defense." Appellees alleged three "meritorious defenses." However, analyzing whether the district court erred in granting the motion for new trial is beyond our appellate jurisdiction under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, which permits us to review only whether the district court lacked subject matter jurisdiction. *See In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 208–09 (Tex. 2009) (orig. proceeding) (permitting mandamus review of grant of new trial

11

and stating, "we have recognized only two instances in which new trial orders are reviewable on appeal: when the trial court's order was void or the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict"). I therefore do not address the arguments relating to Appellees' alleged defenses.

## CONCLUSION

Having determined that Rule 329 applied to the underlying suit, I concur with the Court's decision to affirm the district court's order granting a new trial.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Filed: December 18, 2020

12