# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00107-CV

---

**Greg Abbott in his Official Capacity as Governor of the State of Texas; Jaime Masters in her Official Capacity of Commissioner of the Department of Family and Protective Services; and the Texas Department of Family and Protective Services, Appellants**

**v.**

**Jane Doe, individually and as parent and next friend of Mary Doe, a minor; John Doe, individually and as parent and next friend of Mary Doe, a minor; and Dr. Megan Mooney, Appellees**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-000977, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Greg Abbott, in his official capacity as Governor of Texas, Jaime Masters, in her official capacity as Commissioner of the Department of Family and Protective Services (Department), and the Department (collectively, the State Parties), appeal the district court's interlocutory order granting a temporary restraining order. Appellees have filed an emergency motion to dismiss the appeal for want of jurisdiction. We will grant the motion.

This appeal arises out of a dispute over the legality of providing gender-affirming healthcare to children. On February 22, 2022, Governor Abbott sent a letter to Commissioner Masters enclosing an Attorney General opinion determining that certain types of

gender-affirming care might constitute child abuse. He directed the Department to investigate any reports of children receiving those types of treatments. His letter also referenced statutory requirements that licensed professionals who have direct contact with children report suspected child abuse. Appellees—the parents of a transgender child receiving gender-affirming care and a psychologist who treats transgender children—sued the State Parties seeking declaratory and injunctive relief. On March 2, 2022, the district court granted a temporary restraining order (TRO) enjoining the State Parties from taking any action against the plaintiffs based solely on the Governor's letter or the Attorney General's opinion. The order set a hearing on appellees' request for a temporary injunction on March 11, 2022. The State Parties filed a notice of interlocutory appeal from that order, which they characterize as having "implicitly denied [their] plea to the jurisdiction." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal of order that "grants or denies a plea to the jurisdiction by a governmental unit"). Appellees then filed a motion to dismiss this appeal for want of jurisdiction.

Whether we have jurisdiction is a question of law that we consider de novo. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We strictly construe statutes authorizing interlocutory appeals because they "'are a narrow exception to the general rule' that 'appellate courts generally only have jurisdiction over final judgments.'" *Bonsmara Nat. Beef*, 603 S.W.3d at 390 (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)). The statute relevant here provides that a person may appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

2

The parties agree that the district court never explicitly ruled on the plea to the jurisdiction. However, denial of a plea to the jurisdiction need not be explicit but may be implied from the context. *Bass v. Waller Cnty. Sub-Reg'l Planning Comm'n*, 514 S.W.3d 908, 914 (Tex. App.—Austin 2017, no pet.). An implicit ruling is "one that, though unspoken, reasonably can be inferred from something else." *Trevino v. City of Pearland*, 531 S.W.3d 290, 299 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The supreme court addressed an implicit denial of a plea to the jurisdiction in *Thomas v. Long,* 207 S.W.3d 334 (Tex. 2006). In that case, the trial court did not rule on the defendant's plea to the jurisdiction but granted partial judgment on the merits of some of claims challenged by the plea. *Id.* at 339. The supreme court held that "because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." *Id.* at 339–40 (internal citation omitted). The State Parties argue that this case is like *Thomas* because the court's issuance of the TRO "necessarily implies a finding by the trial court that it likely has subject-matter jurisdiction, and that conclusion necessarily rejects the State's jurisdictional arguments."

We disagree. An applicant for a TRO must show, among other things, a "probable right to the relief sought." *In re Abbott*, 628 S.W.3d 288, 291 (Tex. 2021) (orig. proceeding). Making this showing requires the applicant to demonstrate a probable right to the relief sought which can include jurisdictional issues, such as standing. *Id.* at 295 n.8 (citing *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 917 (Tex. 2020)). However, a court does not necessarily reach the merits of a party's claims by concluding that an applicant has made that preliminary showing and is entitled to a TRO. *See Fernandez v. Pimentel*, 360 S.W.3d 643, 646 (Tex. App.—El Paso 2012, no pet.) ("Because a TRO is

3

merely a precursor to a temporary injunction, it does not constitute a ruling on the merits." (citing *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981))).

Nor can we infer from the granting of the TRO that the court denied the State Parties' plea to the jurisdiction. The State Parties argue that this Court has recognized a "trial court's silence as to a jurisdictional challenge is an implicit denial whenever the court issues any order that requires subject-matter jurisdiction." However, they cite a case involving an order that specifically deferred consideration of a plea to the jurisdiction. *Bass*, 514 S.W.3d at 915. This Court has refused to extend *Thomas* to hold that trial courts impliedly deny pleas to the jurisdiction by taking actions that do not reach the merits. *E.g., West Travis Cnty. Pub. Util. Agency v. CCNG Dev. Co.*, 514 S.W.3d 770, 775 (Tex. App.—Austin 2017, no pet.) (finding no support for "the notion that an order granting a motion to reinstate necessarily constitutes an implicit denial of a pending jurisdictional challenge"); *Texas Dep't of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.) (mem. op.) (holding order continuing plea to jurisdiction and allowing discovery not implicit denial of plea). We will do the same here. Appellees argue that the State Parties filed the plea to the jurisdiction "mere minutes" before the TRO hearing, the district court was not even aware of the filing until an attorney mentioned it, and that no one requested a ruling on the plea. The State Parties do not dispute any of these assertions. Viewing the district court's order in context, we conclude that it is not an implied ruling on the State Parties' jurisdictional plea. *See CCNG Dev.*, 514 S.W.3d at 775; *Salazar*, 2011 WL 1469429, at *1.

As an alternative, the State Parties argue that the order is appealable as a temporary injunction. While the grant or denial of a temporary restraining order is not an appealable order, *In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002),

an order that grants or refuses a temporary injunction is an appealable order, Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).  Whether an order is a temporary restraining order or a temporary injunction "depends on the order's characteristics and function, not its title."  *Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 205.  "A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing."  *Id.* (citing *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992)).  The State Parties argue that the order is appealable as an injunction because it alters the status quo.  *See id.* at 206 (citing cases holding that "an order that does more than protect the status quo for the allowable period under Rule 680 is functionally an appealable temporary injunction").

We disagree.  The status quo is the "last, actual, peaceable, non-contested status which preceded the pending controversy."  *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016).  The State Parties argue that the order "radically alters" the status quo by prohibiting the Department from carrying out its legal obligations to investigate allegations of child abuse and neglect.  In particular, the order obligates the Department to cease an investigation of the Does and to not undertake further investigations that meet certain criteria. Because the validity of and effect of the Governor's letter and the Attorney General's opinion is contested by the parties, the order returns the parties to the status quo before the issuance of both documents.  *See Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 206 (observing that TRO restraining agency from giving immediate effect to executive director's action did "not alter the status quo").  We conclude that the district court's order is not appealable as a temporary injunction.

We grant appellees' motion and dismiss the State Parties' appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Before Chief Justice Byrne, Justices Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: March 9, 2022