**Opinion issued November 21, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00629-CV**

———————————

**IN RE CITY OF HOUSTON, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

The City of Houston filed a Petition for Writ of Mandamus asking this Court to compel the trial court judge to rule on its Rule 91a Motion to Dismiss and "stay all discovery and litigation" until the judge rules on the motion, which has been pending since May 30, 2024. The City filed a separate Motion for Temporary Relief

and Stay of All Trial Court Proceedings, requesting a stay of all proceedings in the trial court pending resolution of its Petition for Writ of Mandamus.[1]

We conditionally grant the writ.

## Background

The underlying case involves a wrongful death and survival suit brought by Real Parties in Interest Javier Tapia and Jennifer Welborn ("Plaintiffs") against multiple defendants, including the City, following the death of their daughter, who was struck and killed by a train.

Plaintiffs filed suit on April 3, 2024, asserting claims for premises liability and negligence. On May 30, 2024, the City filed a Rule 91a Motion to Dismiss or In the Alternative, Traditional Motion For Summary Judgment Based on Immunity and Motion to Sever, arguing that "[n]o City . . . employee nor any City . . . premises were involved in the unfortunate accident," and that "[p]ursuant to Rule 91a, Plaintiffs' causes of action against [the City] should be dismissed because they have no basis in law."[2] The City argued it was entitled to dismissal under Rule 91a on the following grounds:

---

[1] The underlying case is *Javier Tapia and Jennifer Welborn, Individually and as Personal Representatives of the Estate of Avery Welborn Tapia v. Union Pacific Railroad Company, City of Houston, and Memorial Park Conservancy, Inc*, Cause No. 2022-80508, pending in the 215th District Court of Harris County, Texas, the Honorable Elaine H. Palmer presiding.

[2] *See* TEX. R. CIV. P. 91a.1.

a. Section 101.101(b) of the Texas Civil Practice & Remedies Code (Texas Tort Claims Act (TTCA)), which provides no waiver of governmental immunity for failure to provide statutory 90-day Notice of Claim;

b. Section 101.022(a) of the TTCA which provides no waiver of governmental immunity for invitee status when Decedent did not pay for the use of the Memorial Park premises located adjacent to the Union Pacific premises;

c. Section 75.001-.006 of the Texas Civil Practice & Remedies Code (Texas Recreational Use Statute) which provides that Decedent['s] activity of walking was a recreational activity, and her status was as a trespasser;

d. Section 75.001-.006 of the Texas Recreational Use Statute which prohibits trespasser's recovery for negligence;

e. Section 101.024 of the TTCA does not authorize exemplary damages;

f. Section 101.021(2) of the TTCA does not provide waiver of governmental immunity for premises not owned by [the City];

g. Plaintiffs have no standing to bring their wrongful death claims against [the City] because their alleged actions do not give rise to viable causes of action; and,

h. Plaintiffs have no standing to bring the Decedent's survival claim against [the City] because the Decedent, if she lived, would not be able to bring a claim against [the City].

Alternatively, the City argued it was entitled to summary judgment because the trial court lacked subject-matter jurisdiction due to "Plaintiffs['] fail[ure] to timely deliver a Notice of Claim to [the City] as required." The City finally requested that Plaintiffs' claims against it be severed. On the same date the City filed its Rule 91a

3

Motion to Dismiss, the City filed a notice setting the motion for submission on June 24, 2024.

Plaintiffs filed a combined response to the City's Rule 91a Motion, Alternative Motion for Continuance, and Alternative Response to the City's Motion for Summary Judgment. Plaintiffs argued that the City's Rule 91a Motion was baseless because their pleading allegations readily demonstrated that their recovery was not "legally impossible," and none of the City's arguments entitled it to dismissal under Rule 91a. Plaintiffs argued that "the City had actual notice," Plaintiff's daughter was a "licensee to whom the City owed and breached a duty of ordinary care," and "[e]ven assuming [she] was a trespasser . . . the City[] [was] gross[ly] negligen[t]." Plaintiffs also argued that their "allegations rest[ed] on the City's own negligence and gross negligence—not of any third party," and the City's "no standing" argument was without merit. In response to the City's alternative summary judgment motion, Plaintiffs requested a continuance, arguing a continuance was proper because no discovery had occurred, "including as to the issue of notice." Alternatively, on the merits, Plaintiffs argued that "[e]ven on th[e] near-non-existent record, the City had actual notice," and thus, because "genuine issues of material fact establish[ed] the City's actual notice," summary judgment was improper.

On June 24, 2024, the trial court signed an order granting Plaintiffs' Motion for Continuance.[3] Although the order also references the City's Rule 91a motion, there is no express ruling on the motion.

On June 27, 2024, the City filed a letter, addressed to the trial court clerk, requesting that the trial court rule on its Rule 91a Motion to Dismiss," stating that "[u]nder Rule 91a.3(c) of the Texas Rules of Civil Procedure, the [c]ourt [was required to] rule within 45 days of the filing of the motion," and the "forty-five day period will expire on July 15, 2024." The City subsequently filed motions to strike Plaintiffs' interrogatories, requests for production, and for protection from discovery on the basis that, among other things, its Rule 91a Motion remained pending.

On July 26, 2024, the City filed a second letter, addressed to the trial court clerk, requesting again that the trial court rule on its Rule 91a Motion, and reminding the trial court of its obligation to rule on motion within 45 days of its filing, which had expired on July 15, 2024. The trial court took no action in response to either letter.

On August 28, 2024, the City filed a Petition for Writ of Mandamus asking this Court to compel the trial court judge to issue a ruling on its Rule 91a Motion. Plaintiffs filed a response arguing the trial court had already ruled on the City's Rule

---

[3] The Rule 91a Motion was set for written submission, and thus, no hearing was conducted.

91a Motion on June 24, 2024, when the court granted Plaintiffs' Motion for Continuance allowing them to obtain discovery to respond to the City's summary judgment motion. They argued that by granting their Motion for Continuance, the trial court had "necessarily" denied the City's Rule 91a Motion.

After the City filed its Petition for Writ of Mandamus, the trial court held a hearing on the City's "Motion for Sanctions and Motion to Sever," "Motion to Strike Plaintiffs' Jurisdictional Discovery," and "Motion for Protection from Discovery." During the hearing, held on October 17, 2024, Plaintiffs informed the trial court of the City's Petition for Writ of Mandamus stating they had opposed the petition because the trial court had "denied the City's [Rule] 91[a] motion and ordered a continuance through which [Plaintiffs] could obtain discovery on whether the City had actual notice." They argued that the trial court had "necessarily, denied [the City's Rule] 91a [M]otion . . . because the [c]ourt wanted to permit some discovery." The City responded arguing that contrary to Plaintiffs' position, the trial court "ha[d] not denied" the City's Rule 91a Motion but instead "simply allowed [] Plaintiff[s] to proceed with discovery." The City noted that the trial court's "actual [June 24, 2024] order [did] not show that the Rule 91a [M]otion to [D]ismiss was denied."

The trial court judge adjourned the hearing without addressing the Rule 91a Motion or confirming or denying the parties' conflicting understanding as to her ruling on the motion. On October 18, 2024, the trial court signed an order denying

6

the City's "Motion to Strike Plaintiff[]s['] 'Jurisdictional' Discovery . . . and Motion for Protection from Discovery." The trial court to date has taken no action on the City's Rule 91a Motion in response to the City's filed letters, the parties' arguments during the October 17, 2024 hearing, or the pending mandamus petition.

## Standard of Review

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To secure mandamus relief, a relator must establish that (1) the trial court committed a clear abuse of discretion or violated a duty imposed by law, and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus relief may be granted to compel a trial court to perform the ministerial act of ruling on a properly filed pending motion. *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247, at *1 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act.").

7

A trial court abuses its discretion by failing to rule on a pending motion if it (1) has a legal duty to perform a nondiscretionary act; (2) was asked to perform the nondiscretionary act; and (3) failed to do so. *In re Robbins*, 622 S.W.3d 600, 601 (Tex. App.—Houston [14th Dist.] Apr. 8, 2021, orig. proceeding).

**Abuse of Discretion**

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action that "has no basis in law or fact." *See* TEX. R. CIV. P. 91a.1; *Burns v. EMD Supply Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *5 (Tex. App.—Houston [1st Dist.] April 11, 2024, no pet.) (mem. op.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* (quoting TEX. R. CIV. P. 91a.1). "A court may not consider evidence in ruling on a Rule 91a motion. It must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits allowed by the Texas Rules of Civil Procedure." *Id.* (quoting TEX. R. CIV. P. 91a.6) (internal quotation marks omitted).

The purpose of Rule 91a is to require the early and speedy dismissal of baseless claims. *In re Butt*, 495 S.W.3d 455, 460 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding). The Texas Supreme Court has recognized that "allowing courts to dismiss meritless cases before the parties engage in costly

8

discovery" under Rule 91a serves the objective of attaining a just, fair, equitable, and impartial adjudication of the rights of litigants through "great expedition and dispatch and at the least expense." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (citing TEX. R. CIV. P. 1)).

Rule 91a.3 provides that a Rule 91a motion to dismiss must be "granted or denied [by the trial court] within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3(c). If a trial court fails to rule on a Rule 91a motion within the prescribed 45-day period, a party is entitled to mandamus relief. *In re City of Houston*, No. 14-24-00714-CV, 2024 WL 4650353, at *1 (Tex. App.—Houston [14th Dist.] Nov. 1, 2024, orig. proceeding) (mem. op.) (citing *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi 2017, no pet.) ("[T]here is the possibility that mandamus relief is available to ensure that the trial court complies with its duty to timely rule.")).

The City filed its Rule 91a Motion on May 30, 2024, thus requiring the trial court to rule on the motion within 45 days—on or before July 15, 2024. The City argues that notwithstanding the obligation of the trial court to rule on its Rule 91a Motion by July 15, 2024, the motion remains pending. Plaintiffs contest the City's position, arguing that when the trial court granted their motion for continuance on June 24, 2024, the trial court necessarily and implicitly denied the City's Rule 91a

9

Motion. As a result, Plaintiffs argue, this Court should deny the City's petition. We reject Plaintiffs' arguments.

Although the trial court issued an order on June 24, 2024, the order fails to reflect a ruling on the City's Rule 91a Motion. In the order, the trial court expressly granted Plaintiffs' Motion for Continuance, but there is no ruling on the City's Rule 91a Motion. The order provides:

---

## ORDER

---

The Court has considered the City of Houston's Rule 91a Motion to Dismiss, Alternative Traditional Motion for Summary Judgment Based on Immunity, and Motion to Sever; all responsive briefing, including Plaintiffs' Alternative Motion for Continuance; this Court's file, and/or the arguments of counsel. It is therefore **ORDERED** that:

_____ The City of Houston's Rule 91a Motion to Dismiss, Alternative Traditional Motion for Summary Judgment Based on Immunity, and Motion to Sever is **DENIED** in its entirety.

__x__ Plaintiffs' Motion for Continuance is **GRANTED**.

SIGNED on this _____ day of _____, 2024.

Signed:
6/24/2024
9:48 AM _____
Presiding Judge

---

Plaintiffs argue that by granting their Motion for Continuance, the trial court implicitly denied the City's Rule 91a Motion. But the record establishes that Plaintiffs requested a continuance only in connection with the City's alternative

motion for summary judgment, which addressed the issue of notice. The City's Rule 91a Motion was not premised solely on notice. In addition to notice, the City advanced seven separate grounds for dismissal under Rule 91a, and none of them concern Plaintiffs' request for a continuance, which was limited to the issue of notice. We thus do not agree with Plaintiffs that the trial court's ruling on their Motion for Continuance on notice was an implicit ruling on the City's Rule 91a Motion.

We further note that under Rule 91a.3, a trial court "must" grant or deny a Rule 91a motion within 45 days after the motion is filed. *See* TEX. R. CIV. P. 91a.3(c). "When used in a statute, the terms 'must' and 'shall' are generally recognized as mandatory, creating a duty or obligation." *Reaves v. City of Corpus Christi*, 518 S.W.3d at 601 (agreeing that "[R]ule 91a's use of the word 'must' creates a mandatory duty") (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *Walker v. Owens*, 492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (same)). A failure to rule on a pending Rule 91a motion within the stated 45-day period does not "convert the 'non-ruling' into a denial by operation of law." *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 840 (Tex. App.— [14th Dist.] 2019, no pet.) ("Rule 91a does not state that a court's failure to rule within the 45-day deadline constitutes a denial of the motion"); *see also In re Joel Kelley Ints.,*

*Inc.*, No. 05-19-00559-CV, 2019 WL 2521725, at *1 (Tex. App.—Dallas June 19, 2019, orig. proceeding) (mem. op.) (same)).

The City in its Rule 91a Motion asserted several grounds for dismissal, some of which were premised on its claim of government immunity under the Texas Tort Claims Act. Under Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, a party may appeal from an interlocutory order of a trial court that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (stating that because Rule 91a motion challenged subject-matter jurisdiction, section 51.014(a)(8) afforded city right to take interlocutory appeal from denial of motion). An implicit ruling or even a refusal to rule on a plea implicating governmental immunity is insufficient to confer appellate jurisdiction under Section 51.014(a)(8). *See City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (disagreeing that city's plea to jurisdiction was "implicitly" denied and dismissing interlocutory appeal for want of jurisdiction); *see also W. Travis Cnty. Pub. Util. Agency v. CCNG Dev. Co., L.P.*, 514 S.W.3d 770, 776 (Tex. App.—Austin 2017, no pet.) ("Because the trial court has yet to enter an order that grants or denies the Agency's jurisdictional challenge, we lack subject-matter jurisdiction over this interlocutory appeal.").

The decision in *Texas Dep't of Pub. Safety v. Salazar* is relevant to our analysis. In *Salazar*, the Department filed an interlocutory appeal challenging the trial court's implicit denial of its plea to the jurisdiction. No. 03–11–00206–CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.) (mem. op.). Appellees filed an emergency motion to dismiss the appeal, arguing the appellate court "lack[ed] jurisdiction because the trial court ha[d] not yet denied the Department's plea to the jurisdiction." *Id.* Our sister court dismissed the appeal for want of jurisdiction, noting that despite the Department's argument that "the trial court [had] 'implicitly' denied its plea to the jurisdiction, the order appealed from d[id] not deny the plea to the jurisdiction, implicitly or otherwise, but [merely] grant[ed] the appellees' motion for continuance of the Department's plea to the jurisdiction and allow[ed] additional discovery." *Id.*

The same is true here. In its June 24, 2024 order, the trial court granted Plaintiffs' Motion for Continuance to allow Plaintiffs to conduct discovery in response to the City's Motion for Summary Judgment. The order did not "implicitly or otherwise" deny the City's Rule 91a Motion. And even were there an implicit ruling, it would be insufficient with respect to issues implicating the City's governmental immunity, because it would preclude the ability of the City to file an interlocutory appeal from such ruling. *Id.* (citing *City of Galveston v. Gray,* 93 S.W.3d at 590 (holding appellate court lacked jurisdiction over interlocutory appeal

13

because order granting motion for continuance and allowing discovery did not constitute implicit denial of plea to jurisdiction)).

Without addressing the merits of the pending Rule 91a Motion, we hold the trial court's failure to rule on the City's Rule 91a Motion within 45 days of its filing as required by Rule 91a.3(c) was an abuse of discretion. *In re Joel Kelley Ints., Inc*., 2019 WL 2521725, at *2 (concluding that "the trial court violated its ministerial duty to rule on relator's Rule 91a motion to dismiss within a reasonable time, and relator [wa]s entitled to mandamus relief"); *see also City of Galveston v. Gray*, 93 S.W.3d at 592; *In re Univ. of Texas MD Anderson Cancer Ctr*., No. 01-19-00201-CV, 2019 WL 3418567, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) ("Because it did not rule on the plea after it was presented and after [relator] repeatedly requested a ruling, the trial court abused its discretion.").

## Lack of Adequate Appellate Remedy

Because the trial court abused its discretion in failing to timely rule on the City's Rule 91a Motion, and the City "stand[s] to lose [its] substantial rights to an interlocutory appeal" without an express ruling on the motion, we hold the City lacks an adequate remedy by way of appeal and mandamus relief is appropriate. *See City of Galveston v. Gray*, 93 S.W.3d at 590, 592 (finding no adequate remedy by appeal because the city stood to "lose [its] substantial rights to an interlocutory appeal specifically provided by the Legislature with the purpose of avoiding the expense of

14

pretrial discovery and attending mediation"); *In re Univ. of Texas MD Anderson Cancer Ctr.*, 2019 WL 3418567, at \*3 (holding that relator "has no adequate remedy by appeal until the trial court rules").

## Conclusion

We conditionally grant the City's Petition for Writ of Mandamus and direct the trial court to rule on the City's Rule 91a Motion to Dismiss filed on May 30, 2024 within 15 days of this opinion. Our writ of mandamus will issue only if the trial court does not comply. All pending motions are denied as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.